In re William R. WITTENMEIER, Jr., Bettye R. Wittenmeier, Debtors.

Bankruptcy No. 379–01923.

United States Bankruptcy Court, M. D. Tennessee.

March 10, 1980.

John C. McLemore, McMackin & McLemore, Nashville, Tenn., for debtor.

Keith M. Lundin, Waddey & Lundin, Nashville, Tenn., Trustee in Bankruptcy.

## ORDER

PAUL E. JENNINGS, Bankruptcy Judge.

This matter is before the court for confirmation of a plan filed under Chapter 13 of the Bankruptcy Code. The plan provides, among other things, that the debtors will pay their home mortgage in installments of $199.61 per month "outside" the plan. There was no arrearage in the mortgage payments and there has been no showing the debtors have been delinquent at any time in those payments. There is no allegation payment of the mortgage outside the plan is likely to affect the feasibility of the plan.

The trustee objects to the confirmation insisting the mortgage must be paid inside the plan. The trustee insists that 11 U.S.C. § 1325(a)(5) requires payment of a secured debt inside the plan. It is argued the section limits to three the ways a debtor may deal with an allowed secured claim and it is insisted the debtor has not proposed any of the alternatives.

Next it is insisted 11 U.S.C. § 1322 does not permit the classification of secured claims and does not permit payment "outside" of the plan. Finally it is insisted payment to the secured creditors by the trustee is contemplated by the Code and is in the best interest of the parties in interest.

The court must disagree with the position of the trustee.

First, we note that each secured creditor is in a separate class. Each thus can be treated differently and separately. This is apparent when it is recognized each secured creditor has different collateral or different priorities in collateral.

11 U.S.C. § 1322(b)(2) provides the plan may modify the rights of secured creditors. Thus, the Code recognizes and permits the classification of secured creditors. Indeed, Congress has classified the creditor holding a mortgage on the debtor's home. It is the only claim not subject to modification by the debtor. 11 U.S.C. § 1322(b)(2).

Accordingly, we conclude classification of secured debt is recognized and provided for under the Code.

Can the debtor place this debt "outside" the plan, thus not disburse payment through the trustee? The court concludes the Code does permit outside payment of the home mortgage.

First there are no mandatory provisions of inclusion. The mandatory requirements for confirmation are outlined in 11 U.S.C. § 1325(a). Nothing therein is an absolute requirement the payment be under the plan.

11 U.S.C. § 1325(a)(1) requires the plan comply with the provisions of the chapter and title. Applicable herein are those mandatory requirements outlined in 11 U.S.C. § 1322(a). None of those provisions are violated by payment outside. (Subsection

(a)(1) merely directs the submission of such portion of future earnings or income as is necessary for execution *of the plan* ).

   Other provisions of the Code indirectly suggest such claim may be handled outside the plan. 11 U.S.C. § 1325(a)(5) states the requirements for allowed secured claims "*provided for by the plan.*" Apparently there may be secured claims *not* provided for in the plan.

11 U.S.C. § 1326(b) provides:

Except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan.

Thus, the trustee is normally designated the disbursing agent, unless the plan provides or the court orders otherwise, to creditors under the plan. The provision doubtless is primarily intended to permit disbursement by other than the trustee in the business 13. However, it is not so limited. Rather, the Code recognizes that another can disperse funds to creditors if the plan provides or the court so orders. Again, the provision deals with payments to creditors *under the plan.*

Accordingly, the court concludes there is nothing in the Code mandating payment under the plan and finds that the home mortgage payment may be made outside the plan.

   The trustee correctly argues the "best interest" of the debtor and creditor should be considered. Further, a mandatory requirement for confirmation is that the court must find the plan feasible. Any circumstances which might affect debtor's performance under the plan are properly considered in determining feasibility.

   As earlier noted, there has been no delinquency in mortgage payments. Problem with mortgage payments did not cause the debtor to seek relief under Chapter 13. Nothing in the record suggests payment outside will affect debtor's performance. Nothing suggests the debt cannot be handled successfully outside the plan.

The objection of the trustee must be OVERRULED. The plan will be confirmed.

It is so ORDERED.