**In re James Fredrick SEVERSON, Phyllis Darlene Severson, Debtors.**

**Bankruptcy No. 383–00082.**

United States Bankruptcy Court, D. Oregon.

Feb. 11, 1985.

D. Craig Mikkelsen of Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for CIT.

Kent V. Snyder of Snyder & Altman, Portland, Or., for debtors.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon a motion by C.I.T. Corporation (hereinafter referred to as "CIT") for allowance of a claim with administrative priority pursuant to 11 U.S.C. § 507(b). The court heard oral argument from the parties on September 26, 1984. Subsequently, both parties submitted legal memoranda. Based on the argument and memoranda, it appears the following facts are not disputed.

At the time of the filing of the debtors' petition for relief under chapter 13, CIT held a perfected security interest in a Freightliner tractor purchased by the debtors on December 7, 1981. The debtors' plan, which set the value of the tractor at $12,000 and provided monthly payments to CIT of $330 was confirmed on April 20, 1983. On September 27, 1983, CIT filed a motion for relief from the automatic stay asserting that it lacked adequate protection of its interest in the Freightliner tractor. The court denied this motion on the condition that the debtors pay, in addition to the regular monthly payment under the plan, $800 in November and December, 1983 and in January, 1984 in order to adequately protect CIT's interest in the collateral. On October 31, 1983, CIT filed a motion for adequate protection on the ground that the Freightliner tractor was being operated without insurance. At the hearing on this motion, the court also considered CIT's renewed request for relief from the stay on the ground that one of the additional $800 payments had not been made by the debtors. The court denied both motions based, in part, on the court's determination that the Freightliner tractor was not declining in value. On May 20, 1984, pursuant to a stipulation between the parties, CIT repossessed the Freightliner tractor. The parties have stipulated that the value of the collateral at the time of repossession was $4000, while the payoff balance at that time was $9971.81. The difference is $5971.81.

Based on these facts, CIT argues that it is entitled to a claim with administrative priority under § 507(b) in the amount of $5971.81. 11 U.S.C. § 507(b) provides:

> If the trustee, under section 362,363, or 364 of this title, provides adequate protection of the interest of a holder of a claim secured by a lien on property of the debtor and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(1) of this section arising from the stay of action against such property under section 362 of this title, from the use, sale, or lease of such property under section 363 of this title, or from the granting of a lien under section 364(d) of this title, then such creditor's claim under such subsection shall have priority over every other claim under such subsection.

A careful reading of § 507(b) discloses that it does not itself grant a claim with administrative priority to the holder of a claim who has been provided adequate protection which later proves to be inadequate. This section states that if the holder of a claim secured by property of the debtor has a claim allowable under § 507(a)(1) *and if* the trustee (or debtor-in-possession) has provided adequate protection, then such administrative claim shall have priority over every other claim under § 507(a)(1). Section 507(b) does not tell us when a creditor may have a claim with administrative priority under § 507(a)(1), but states that if the creditor does have a claim under § 507(a)(1), then that claim shall have a super-priority. We must then turn to some other section of Title 11 to determine when the holder of a claim is entitled to priority under § 507(a)(1). This latter section refers us to § 503(b).

In this case, § 503(b)(1)(A) is the only applicable subsection of section 503. It states, in pertinent part, the following:

> After notice and a hearing, there shall be allowed, administrative expenses … in-

cluding the actual, necessary costs and expenses of preserving the estate....

Therefore, in order to have a claim under § 507(b), CIT's loss allegedly resulting from the automatic stay, must be an actual, necessary cost of preserving the estate under § 503(b).

As previously stated the plan in this case was confirmed on April 20, 1983. This court has recently held that upon confirmation of the chapter 13 plan there is no longer an estate. *In Re Mason*, 45 B.R. 498, 12 B.C.D. 527 (Bkrtcy.D.Or.1984). There was no evidence presented of the amount of any actual, necessary costs and expenses of preserving the estate during the period between the filing of the petition and the order confirming the plan. The mere fact that there was a deficiency upon a foreclosure which occurred long after the order confirming the plan does not establish that any loss occurred during the period between the filing of the chapter 13 petition and confirmation of the plan. The deficiency could have existed prior to the filing of the petition. For losses or expenses incurred after April 20, 1983, there could be no claim allowable under § 503(b)(1)(A) as an expense of preserving the estate since no estate existed after that date.

Accordingly, there is no support for a claim under § 503(b).

In this case, where the creditor filed its motion for relief from stay after the plan was confirmed, if the creditor felt that the protection offered by the trustee (or debtor-in-possession) and approved by the court as being adequate was not truly adequate its remedy would have been to appeal the court's order. On the other hand, whether an appeal is filed or not, the creditor may have an allowed unsecured claim for any deficiency remaining after foreclosure. The creditor may not, however, simply take no action and wait, expecting to have a claim with administative priority in the event it should suffer a deficiency upon any later foreclosure.

Therefore, since CIT's claim is not allowable under § 503(b)(1)(A) as an expense of the estate, its motion for administative priority must be denied. An order consistent herewith will be entered by the court.

This opinion shall constitute the court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.