**In re George H. CRISS, Jr., Debtor.**

**Bankruptcy No. B83–03255(B).**

United States Bankruptcy Court,
N.D. Ohio, E.D.

May 12, 1988.

Gerald Krainess, Cleveland, Ohio, for debtor.

Richard Ginley, Cleveland, Ohio, Trustee.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court upon the Trustee's objection to a claim filed by the Ohio Edison Company (Edison). Upon a hearing with notice being given to all entitled parties, the following constitutes the Court's findings and conclusions pursuant to Rule 7052, Bankr. Rules:

This is a core matter under provisions of 28 U.S.C. § 157(b)(2)(B), with jurisdiction further conferred under 28 U.S.C. § 1334 and General Order No. 84 of this District. Herein, Edison caused to be filed its amended claim in an amount of $1,760.25 for which it seeks treatment as a priority administrative expense under § 503(b)(1) and § 507(a)(1) [11 U.S.C. §§ 503(b)(1) and 507(a)(1) ]. The Trustee contends that the entire claim should be allowed as a general unsecured claim and not be accorded priority status. The Trustee's motion provides no supporting rationale or authority in support of that contention. On review of the record, however, it is noted that the Debtor's case was initially filed as a proceeding under Chapter 13 on November 29, 1983. Subsequently, on June 17, 1987, the case was converted for liquidation under Chapter 7. It is unrefuted that the Debtor, postpetition, incurred liabilities to Edison during the course of both the Chapter 13 and Chapter 7 cases. Edison caused to be filed its initial proof of claim on July 20,

**460**

1984 in a total amount of $1,672.08.[1] That amount accounted for utility services provided the Debtor from September 2, 1983 through June 26, 1984. On March 3, 1987, Edison caused to be filed its amended Proof of Claim.[2] That claim, as amended, seeks a total allowance of $1,760.25 as an administrative priority claim under §§ 503(b)(1) and 507(a)(1). As indicated above, the Debtor initially sought relief under Chapter 13, and a substantial portion of the utility service provided the Debtor occurred during the Chapter 13 case. Section 1305 of the Code addresses the filing and allowance of postpetition claims under Chapter 13. Therein, it is observed:

> § 1305(a): A proof of claim may be filed by any entity that holds a claim against the debtor—
>
> (2) that is a consumer debt, that arises after the date of the order for relief under this chapter, and that is for property or services necessary for the debtor's performance under the plan. [11 U.S.C. 1305(a)(2) ].

The legislative history of § 1305(a)(2) amplifies its effect by stating that postpetition credit extended to a Chapter 13 debtor is to be treated the same as a prepetition claim for purposes of allowance, distribution, etc. (See, H.Rept. No. 95–595, to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 427, 428, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6382–6384). Thusly, it is to be treated as a general unsecured claim. Further, pursuant to § 1327(b), upon confirmation of a Chapter 13 plan, a debtor is revested with its assets and, consequently, there remains no estate to preserve that would give rise to an allowance of administrative expenses under § 503(b)(1)(A). See, In re Severson, 53 B.R. 8, 13 B.C.D. 736 Bankr.D.Ore.1985). As reflected on Edison's amended proof of claim, an amount of $92.82 was owed by the Debtor for post-conversion utility service. In pertinent part, § 503(b) of the Code provides the following:

> After notice and a hearing, there shall be allowed administrative expenses ... including—
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate.... [11 U.S.C. 503(b)(1)(A) ].

It is uncontested that the post-conversion utility service was beneficial to the Debtor's estate. In fact, the utility service extended during the Chapter 7 case preserved the estate for the benefit of the Debtor and his creditors.

Accordingly, the amount of $92.82 is hereby allowed as an administrative priority expense pursuant to § 503(b)(1) and § 507(a)(1). The remainder of Edison's claim is to be treated as a general unsecured claim pursuant to § 1305(a)(2) of the Code.

IT IS SO ORDERED.

---

1. *See,* Proof of Claim No. 12.

2. *See,* Amended Proof of Claim No. 16.