**In re Kenneth JOCK and Marsha Jock, Debtors.**

**Bankruptcy No. 388–00048.**

United States Bankruptcy Court, M.D. Tennessee.

Jan. 30, 1989.

Thomas F. Bloom, Rothschild & Associates, Nashville, Tenn., for debtors.

Herman O. Loewenstein, Nashville, Tenn., for Boatmen's Bank of Tennessee.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

### I.

The question presented is whether a Chapter 13 debtor can modify a confirmed plan to surrender a car to a secured claim holder and pay any deficiency as an unsecured claim. The debtor can amend to surrender the car. The debtor can pay the deficiency as an unsecured claim.

This is a core proceeding. 28 U.S.C.S. § 157(b)(2)(A), (O) (1988). The following constitute findings of fact and conclusions of law. Bankr.R. 7052.

### II.

This Chapter 13 case was filed on January 5, 1988. Without objection, the plan confirmed on February 9, 1988, provided for Boatmen's Bank of Tennessee ("Boatmen's") as a "fully secured" claim holder with monthly payments of $132.63 and interest at 16%. Boatmen's filed a claim for $3,261.73 secured by a 1982 Nissan Stanza.

On July 22, 1988, the debtors moved to modify the confirmed plan to surrender the car to Boatmen's, to allow the bank to sell the car and apply the proceeds toward its claim, "any deficiency [to] be allowed as an amended, unsecured claim."

The bank objected. It is stipulated that the market value of the car is now no more than $500. The record is empty of explanation why the car depreciated from (at least) $3,261.73 in February of 1988 to (no more than) $500 in July of 1988.

### III.

Post-confirmation modification of a Chapter 13 plan is controlled by 11 U.S.C.S. § 1329:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than under the plan.

(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

(c) A plan modified under this section may not provide for payments over a period that expires after three years after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

11 U.S.C.S. § 1329 (1987).

The debtor's proposed modification would "increase or reduce the amount of payments on claims of a particular class provided for by the plan," within the meaning of § 1329(a)(1). It has long been recognized in this district that each secured claim is separately classified in a Chapter 13 case. *In re Wittenmeier*, 4 B.R. 86, 6 Bankr.Ct.Dec. (CRR) 827 (Bankr.M.D.Tenn.

1980). *Accord In re Powell,* 15 B.R. 465, 5 Collier Bankr.Cas.2d (MB) 775 (Bankr.N.D. Ga.1981). The secured claim of Boatmen's Bank was "provided for" by the debtor's plan—the plan identified the claim and treated it as fully secured with 16% interest and payments of $132.63 per month through the Chapter 13 trustee.

The debtor's proposed modification changes the "amount of payments" to the sum of the payments made to the bank plus the value of the surrendered car. If the car had held its February 1988 value (at least $3,261.73) the bank would not experience a reduction in "the amount of payments" within the meaning of § 1329(a)(1). Here a reduction is effected because it is stipulated that the sum of payments received since confirmation and the present value of the car is less than $3,261.73 plus 16% interest as provided for the bank in the original confirmed plan.

11 U.S.C.S. §§ 1329(b) and (c) fix the statutory limits on modifications of Chapter 13 plans after confirmation. The mandatory and permissive provisions of a Chapter 13 plan found in 11 U.S.C.S. §§ 1322(a) and (b) (1987) and the confirmation requirements of 11 U.S.C.S. § 1325(a) (1987) "apply to any modification under subsection (a) of this section." 11 U.S.C.S. § 1329(b)(1). A Chapter 13 debtor can use the permitted plan provisions described in § 1322(b), subject to the confirmation requirements of § 1325(a), to modify a confirmed Chapter 13 plan under § 1329(a).

Section 1322(b)(8) permits a Chapter 13 debtor to "provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor." 11 U.S.C.S. § 1322(b)(8). Section 1325(a)(5)(C) permits a Chapter 13 debtor to satisfy an "allowed secured claim provided for by the plan" by surrendering the property securing the claim. 11 U.S.C.S. § 1325(a)(5)(C). This Chapter 13 debtor could have satisfied the secured claim of Boatmen's by surrendering the car to the bank at confirmation of the original plan in February of 1988. The incorporation of §§ 1322(b)(8) and 1325(a)(5)(C) into the standards for post-confirmation modifica-

tion in § 1329 empower this Chapter 13 debtor to modify the confirmed plan to surrender the car in satisfaction of Boatmen's secured claim.

Boatmen's argues that 11 U.S.C.S. § 1327 (1987) prohibits the debtor to modify its treatment after the original confirmation order became final. There is some case support for this view. *See In re Abercrombie,* 39 B.R. 178 (Bankr.N.D.Ga.1984); *Kitchen v. Malmstrom Federal Credit Union (In re Kitchen),* 64 B.R. 452 (Bankr. D.Mont.1986). *See also In re Johnson,* 25 B.R. 178 (Bankr.N.D.Ga.1982). The cases cited by the bank prohibit post-confirmation modifications based on the "res judicata" or binding effect of a confirmed Chapter 13 plan under § 1327(a).

Section 1327(a) is not a limit on permitted modification of a confirmed Chapter 13 plan; rather, it is a statutory description of the effect of a confirmed plan or of a confirmed modified plan. A confirmed Chapter 13 plan binds the debtor (and all creditors), 11 U.S.C.S. § 1327(a), but a confirmed plan "may be modified ... at any time after confirmation of the plan but before the completion of payments under the plan...." 11 U.S.C.S. § 1329(a). The confirmed plan binds the debtor unless and until it is modified, and then the modified plan "becomes the plan," 11 U.S.C.S. § 1329(b)(2), and the modified plan has the effects described in § 1327. Sections 1322(a), (b), 1323(c) and 1325(a) are the appropriate sources of the limits on modification under § 1329. *See* 11 U.S.C.S. § 1329(b).

Boatmen's argues that this post-confirmation modification impermissibly forces a loss in the amount of its secured claim because the car depreciated more quickly than the bank received payments. Boatmen's objection might be characterized as a "good faith" objection to confirmation of the debtor's modified plan under § 1325(a)(3). *See* 11 U.S.C.S. § 1329(b)(1) incorporating § 1325(a)(3).

There are several plausible explanations, equally (un)supported by this empty record, for a difference between the bank's "fully secured" claim in February of 1988 and the

current value of the car plus the payments received through the plan: (1) "abusive" depreciation caused by debtor misconduct; (2) improvident valuation at the original confirmation hearing; or, (3) miscalculation of the appropriate stream of payments necessary to protect the secured claim holder after confirmation.

The Bankruptcy Code protects the secured claim holder from abusive depreciation between confirmation and modification by applying the "good faith" test at confirmation of a modified Chapter 13 plan. 11 U.S.C.S. § 1329(b)(1). Had evidence been introduced at the hearing on confirmation of the modified plan that the debtor abused the car after February 1988, the proposed modification might be portrayed as a bad faith effort by the debtor to shift the loss caused by the debtor's misconduct to the secured claim holder. There is no such evidence.

Section 1325(a)(5) protects the present value of the allowed secured claim at the effective date of the original plan.[1] The creditor who bargains for a stream of payments through a Chapter 13 plan that is not sufficient to protect the creditor from loss in value of its underlying collateral has failed to assert its rights at confirmation. *See In re Johnson*, 63 B.R. 550, 15 Collier Bankr.Cas.2d (MB) 155 (Bankr.D.Colo.1986) (confirmation denied where plan proposes to pay administrative and priority claim holders in advance of payments to a secured claim holder and the collateral securing the creditor will depreciate and become valueless before it receives adequate payments through the proposed plan); *In re Tenney*, 63 B.R. 110 (Bankr.W.D.Okla. 1986) (debtor permitted to pay administra-

tive expenses in full in advance of payments to secured claim holder where collateral is not depreciating and plan will pay full value of secured claim holder's allowed claim with interest).

That the debtor could convert this Chapter 13 case to Chapter 7, surrender the car to Boatmen's and (probably) discharge the deficiency is further evidence that Congress contemplated modification of a Chapter 13 plan to permit the surrender of collateral to the holder of an allowed secured claim. *See* 11 U.S.C.S. § 1307 (1987) (conversion of Chapter 13 cases); 11 U.S.C.S. § 348 (Supp.1988) (effect of conversion); 11 U.S.C.S. § 554 (Supp.1988) (abandonment of property of the estate).

■ Boatmen's Bank is entitled by § 1327(a) to the binding effect of the original confirmation order through the date the debtor surrendered the car. For each month through surrender of the car, the confirmed plan required the debtor to pay the bank $132.63. If that amount has not already been paid through the Chapter 13 trustee then it is due to the creditor through the plan as provided in the original confirmation order.

An appropriate order will be entered.

### ORDER

For the reasons stated in the memorandum filed contemporaneously herewith, IT IS ORDERED, ADJUDGED and DECREED that the modified Chapter 13 plan is confirmed.

IT IS SO ORDERED.

---

1. In the pre-confirmation world of "adequate protection," a failure to adequately protect might be remedied through 11 U.S.C.S. § 507(b) (1985). *See In re Callister*, 15 B.R. 521, 5 Collier Bankr.Cas.2d (MB) 1058 (Bankr.D.Utah 1981); *In re Severson*, 53 B.R. 8, 13 Bankr.Ct.Dec. (CRR) 736 (Bankr.D.Or.1985); *First State Bank v. Advisory Information & Management Systems, Inc. (In re Advisory Information & Management Systems, Inc.)*, 50 B.R. 627, 13 Bankr.Ct.Dec. (CRR) 257, 13 Collier Bankr.Cas.2d (MB) 55 (Bankr.M.D.Tenn.1985); *Smith v. Dairymen, Inc. (In re Smith)*, 75 B.R. 365 (W.D.Va.1987). Though analogies to § 507(b) were discussed at argument in this case, the provision of "adequate protection" prior to confirmation is not the same as satisfying the property rights of a secured claim holder at confirmation under § 1325. The interests that must be protected from loss while the debtor attempts to confirm a Chapter 13 plan—*see United Savings Ass'n of Texas v. Timbers of Inwood Forest Ass'n Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988)—may be significantly different than the present value of an allowed secured claim protected at confirmation by 11 U.S.C.S. § 1325(a)(5).