**In re Billy STARNES, Jr. and Carollee Starnes, Debtors.**

**Bankruptcy No. 95–30588M.**

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

April 16, 1997.

John H. Bradley, Blythville, AR, for debtors.

Fletcher Jackson, Assistant U.S. Attorney, Little Rock, AR.

*ORDER*

JAMES G. MIXON, Bankruptcy Judge.

The matter under consideration is an objection by the Department of Housing and Urban Development (HUD) to confirmation of the modified Chapter 13 plan of Billy and Carollee Starnes (Debtors). For the reasons set out below, the objection is sustained.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and the Court has jurisdiction to enter a final judgment in the case.

*Facts*

On November 6, 1995, Billy Starnes and Carollee Starnes filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. The Debtors proposed a plan to be funded by monthly payments of $630.00 for thirty-six months.

Under the plan, HUD's claim, which was fully secured by the Debtors' personal residence at 504 West Garden Drive in Osceola, Arkansas, was treated as a long term debt pursuant to 11 U.S.C. § 1322(a)(2) and (5). The plan proposed to pay HUD a total of $532.59 per month, which included a regular mortgage payment of $308.31 and an additional $224.28 to defray an existing arrearage of $5382.59. The plan proposed to pay unsecured, nonpriority claims of $21,928.28 on a monthly pro rata basis from that portion in the plan's fund that remained after distributions to HUD and to administrative claim-

ants. An order entered March 4, 1996, confirmed the plan.

On October 29, 1996, the Debtors filed a proposed modification of their plan stating their intention to surrender their "former" residence at 504 West Garden Drive pursuant to 11 U.S.C. § 1325(4)(C).[1] The modification recited that fire had destroyed the residence and that it was uninsured at the time of the fire. The proposed surrender was to be in full satisfaction of HUD's claim; however, the modification also provided that after disposition of the property any deficiency would be treated as an unsecured nonpriority claim under the plan. The modification also proposed to reduce the plan payments to $110.00 per month because the Debtor Carollee Starnes is no longer working.

On November 1, 1996, HUD objected to the proposed modified plan on the grounds that it was not proposed in good faith. HUD alleged that the Debtors failed to maintain the fire insurance required by the mortgage and that the fire was one of four at the property in the same month.

A hearing on HUD's objection was conducted in Jonesboro, Arkansas, on December 16, 1996. At the hearing the Debtor acknowledged that the Osceola Fire Department responded to fires at his residence on September 23, 24, 26, and 30 of 1996. The Debtor also acknowledged that he had allowed his insurance to lapse. At the conclusion of the hearing the matter was taken under advisement.

The Debtors argue in their brief that a modification of a confirmed plan is appropriate pursuant to 11 U.S.C. § 1329 where a significant change in circumstances occurs. The United States has not filed a brief.

*Discussion*

The Bankruptcy Code permits modification of a confirmed Chapter 13 plan pursuant to 11 U.S.C. § 1329. This section provides in relevant part that the plan may be modified after confirmation but before completion of the plan by request of the debtor, trustee, or

holder of an allowed secured claim. 11 U.S.C. § 1329(a) (1994).

Any modified plan proposed pursuant to 11 U.S.C. § 1329 must comply with § 1322(b)(2) and (5). 11 U.S.C. § 1329(b)(1) (1994); *In re Jock,* 95 B.R. 75, 76 (Bankr.M.D.Tenn.1989) (observing that section 1329(b) requires the application of § 1322(b) to modifications of plans). Section 1322(b)(2) does not allow a plan to alter the rights of holders of secured claims secured only by a security interest in real property that is the debtor's principal residence. Section 1322(b)(5) permits the plan to provide for the curing of any default on a secured claim on which the last payment is due after the date of the final payment under the plan.

In circumstances where a secured creditor's collateral is destroyed or damaged postpetition, there is a split of authority as to whether a debtor can amend a Chapter 13 plan to surrender the depreciated collateral. *Compare In re Jock,* 95 B.R. 75, 76 (Bankr. M.D.Tenn.1989) (holding plan may be modified to surrender automobile, value of which had drastically depreciated in five months, and pay deficiency as an allowed claim) *with In re Banks,* 161 B.R. 375, 379 (Bankr. S.D.Miss.1993) (denying debtor's motion to modify plan to surrender damaged vehicle and pay deficiency as an unsecured claim when insufficient justification existed for shifting collateral depreciation to creditor) and *In re Cooper,* 167 B.R. 889, 890 (Bankr. E.D.Ark.1994) (Scott, J.) (sustaining objection to modification of plan on the basis of bad faith when debtor allowed insurance to lapse on collateral, wrecked the automobile, and then sought to surrender the collateral in full satisfaction of the debt).

However, these cited cases are inapposite because here the modified plan proposes to surrender collateral that is the Debtors' principal residence. Although section 1325(a)(5)(C) permits the satisfaction of a secured creditor's claim by surrendering the collateral, section 1322(b)(2) prohibits the Debtors' proposal to surrender the collateral

---

1. The Debtors' proposed modification incorrectly cites the statute. Presumably the Debtors rely on 11 U.S.C. § 1325(a)(5)(C), which states that a court shall confirm a plan if, with respect to each

allowed secured claim provided for in the plan, the debtor surrenders the collateral to the holder of the claim.

because the modification alters the rights of a holder of a secured claim secured only by a security interest in real property that is the Debtor's principal residence. *Nobelman v. American Sav. Bank,* 508 U.S. 324, 328, 113 S.Ct. 2106, 2109–10, 124 L.Ed.2d 228 (1993) (holding Bankruptcy Code prohibits a Chapter 13 plan from modifying the rights of a holder of a claim secured only by the debtor's principal residence).

Here the Debtors are seeking to modify their plan treatment of HUD's claim, which was fully secured only by a security interest in the Debtors' principal residence. The modification provides that the Debtors' will surrender their "former" residence in satisfaction of HUD's claim and treat any deficiency remaining after disposition of the collateral as a general unsecured claim to be paid pro rata with other general unsecured claims. Such a modification is unquestionably an alteration of HUD's rights under the note and mortgage and is clearly prohibited by § 1322(b)(2). The fact that the Debtors allowed the property to become uninsured and now no longer desire to maintain their residence at the premises because of fire damages suffered postpetition is immaterial. Therefore, HUD's objection to the proposed modification is sustained.

IT IS SO ORDERED.