UNITED STATES of America,
Plaintiff-Appellant,

v.

Maurice CLOUSTON,
Defendant-Appellee.

No. 79–5423.

United States Court of Appeals,
Sixth Circuit.

Argued June 5, 1980.

Decided June 30, 1980.

Rehearing and Rehearing En Banc
Denied Sept. 3, 1980.

**486**

James R. Williams, U. S. Atty., Steven R. Olah, Creed C. Black, Jr., U. S. Dept. of Justice, Cleveland, Ohio, for plaintiff-appellant.

Allen Schulman, Jr., Canton, Ohio, for defendant-appellee.

Before LIVELY and JONES, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

The government appeals from an order of the district court granting a motion to suppress evidence filed by the defendant-appellee Clouston. The defendant was indicted on five counts of manufacturing, assembling, possessing and selling electronic devices whose design rendered them primarily useful in surreptitious interception of wire communications in violation of 18 U.S.C. § 2512(1)(b). The business premises of the defendant-appellee were searched pursuant to a search warrant which the defendant-appellee admits was issued upon the basis of probable cause. The search warrant describes only the electronic devices as the objects of the search. However, the government agents who executed the warrant also seized telephone equipment which was found on the premises.

Prior to conducting the search the government agents requested two security officers of the telephone company to accompany them in the execution of the warrant in order to identify any property of the telephone company which might be found on the premises during the search. The government relies on 18 U.S.C. § 3105 as authority for requesting the telephone company employees to accompany the agents. That statute provides that a search warrant may be served by specified officers and by no other person "except in aid of the officer on his requiring it, he being present and acting in its execution." One of the telephone company employees who accompanied the agents in the search testified that he was assigned to one of the agents and told to stay with him at all times while inside the business premises of the defendant-appellee and that his only role was to identify telephone company equipment.

The district court held that the presence of persons who were employees of the telephone company under the circumstances of this case rendered the entire search unconstitutional. The court then suppressed not only the telephone company equipment which was seized as stolen property but also suppressed the electronic devices described in the search warrant and which were seized by the government agents.

 Upon consideration of the record on appeal together with briefs and oral arguments of counsel the court concludes that the district court erred in holding that the presence of the telephone company employees under the circumstances revealed by this record rendered the search unconstitutional. It is clear that the telephone company employees were present on the premises in aid of the officers who were authorized to conduct a search for electronic devices, that they were there at the request of the officers and that the officers were

present and acting in execution of the warrant. We believe that 18 U.S.C. § 3105 was satisfied. It was testified that the telephone company employees, from experience, were able to identify equipment owned by their employer and that their role in the search was limited to identifying such property. It was reasonable to believe such equipment would be found in proximity to the electronic devices described in the search warrant but the agents did not have probable cause to include telephone equipment in the warrant. However, the telephone company property was in plain view and the Fourth Amendment requirement of "inadvertence" was satisfied. *See United States v. Hare*, 589 F.2d 1291 (6th Cir. 1979).

The order of the district court is reversed and the cause is remanded for entry of an order denying the motion to suppress.