**Burl HUGGINS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. 78898.**

Court of Appeals of Oklahoma,
Division No. 3.

Sept. 7, 1993.

Warren H. Crane, Lawton, for appellant.

William C. Riley, Lawton, for appellee.

## OPINION

HUNTER, Presiding Judge:

Appellant is the owner of Honest Harry's Pawn Shop in Lawton, Oklahoma. On July 9, 1991, Kenny Stradley, the Sheriff of Comanche County, Oklahoma, obtained a search warrant and searched Appellant's pawn shop for evidence of the crimes of receiving and concealing stolen property. Stradley supported his application for the search warrant with an affidavit stating that Anthony Goombi, who had recently been arrested in Comanche County and charged with burglary, had admitted selling stolen items to Appellant. Goombi was able to remember thirteen specific items he had allegedly sold to Appellant, and these items were listed on the search warrant.

Stradley and his deputies took Goombi to the pawn shop when they executed the search warrant. During the search, Goombi identified additional items, not listed on the search warrant, which he claimed to have stolen during a string of rural burglaries. Stradley and his deputies seized the additional items. In all, ninety-seven items were seized and listed on the inventory filed with the district court after the search. Only two or three of the items seized had been listed on the warrant. Despite the apparent success of the search, Appellant was not charged.

On August 26, 1991, Appellant filed an action under 22 O.S.1986 §§ 1235—1237 controverting the issuance of the search warrant and seeking the return of all items not listed in the warrant. Beginning on September 20, 1991, the district court held a hearing on Appellant's application as required by 22 O.S.1986 § 1235. Stradley and two deputies testified concerning the events of July 9, 1991. Appellant also called Anthony Goombi who refused to testify without the presence of his attorney.

The district court refused to return any property to Appellant, holding that the search warrant was based on adequate probable cause and that all property was lawfully seized. Appellant now argues: (1) the search warrant under which the property in question was seized was defective in that it was not supported by probable cause; and (2) the district court erred in failing to order the return of all property seized in the search but not listed on the warrant at the time it was issued.

### STANDARD OF REVIEW

Whether probable cause existed to support the issuance of a search warrant is a mixed question of law and fact. *See Booth v. State,* 67 Okl.Cr. 413, 94 P.2d 846, 850 (1939). A mixed question of law and fact is reviewed de novo as a question of law. *Taylor v. City of Oklahoma,* 782 P.2d 1363, 1365 (Okl.1989). The same standard is used to review questions of statutory construction. *See Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

### FINDINGS ON REVIEW

As probable cause to support issuance of the search warrant, Sheriff Stradley submitted an affidavit naming his informant, Anthony Goombi, and stating that Goombi had admitted selling stolen goods to Huggins at Honest Harry's Pawn Shop. Where, as here, the issuance of a search warrant is based on information of a named informant, details reflecting the reliability and credibility of the informant's information is not necessary. *Caffey v.*

*State,* 661 P.2d 897 (Okl.Cr.1983). The district court correctly found that probable cause existed to support issuance of the search warrant.

█ Under 22 O.S.1986 § 1237, "[i]f it appears that the property taken [in a search] is not the same as that described in the warrant, ... the magistrate must cause it to be restored to the person from whom it was taken." A comparison of the items listed in the search warrant with the inventory of items seized reveals that most of the seized items were not listed on search warrant. It is undisputed that Stradley took Goombi with him when he executed the search warrant for the purpose of identifying additional stolen items.

We do not think that Goombi's participation in the search violated Appellant's constitutional rights. The use of private persons to help law enforcement officials in the execution of a search has been approved by other forums. *See Williams v. State,* 95 Okl.Cr. 131, 240 P.2d 1132 (1952) (officer procuring search warrant must be personally present with private person when warrant is executed); *People v. Superior Court of Marin County,* 25 Cal.3d 67, 157 Cal.Rptr. 716, 598 P.2d 877 (1979) (presence of burglary victims, acting essentially in capacity of police agents instead of other officers, represented no significant additional intrusion upon defendant's privacy); *United States v. Clouston,* 623 F.2d 485 (6th Cir.1980) (presence of telephone company employee when officers were executing warrant for search of electronic devices did not render search unconstitutional). However, the proper procedure for seizing the additional items identified by Goombi would have been to seek another search warrant particularly describing the additional items. Under the plain language of section 1237, Appellant is entitled to the return of any items seized during the search which were not listed in the search warrant.

Accordingly, we affirm that portion of the district court's decision finding that sufficient probable cause supported the issuance of the search warrant. We reverse that portion of the decision which holds that Appellant is not entitled to the return of items not listed in the search warrant. We remand to the district court for a factual determination of which items seized during the search were not listed on the search warrant and for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

BAILEY, J., concurs.

GARRETT, J., concurs in part; dissents in part.