41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clarence J. FRANKLIN, Jr., Plaintiff-Appellant,
v.
Edward SUMMERS, et al., Defendants-Appellees.
 No. 93-2939.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 6, 1994.*
Decided Oct. 24, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Clarence Franklin was arrested in South Bend on July 31, 1989. The arrest led to his conviction for drug offenses. On June 23, 1993, Franklin filed this action under 42 U.S.C. Sec. 1983 against the arresting officers and the prosecutors. The district court denied leave to proceed in forma pauperis under 28 U.S.C. Sec. 1915(d), ruling that the suit is untimely and therefore frivolous.
 
 
 2
 The statute of limitations applicable to Sec. 1983 actions arising out of acts in Indiana is two years. Bailey v. Faulkner, 765 F.2d 102 (7th Cir.1985). Franklin waited four years before filing suit. His contention that legal developments after 1989 made a suit look more attractive, by curtailing the effect of a potential immunity defense, is irrelevant. Knowledge of the injury started the clock. Changes in the law do not revive expired claims.
 
 
 3
 One legal development potentially affects the propriety of the district court's decision, however. Heck v. Humphrey, 114 S.Ct. 2364 (1994), holds that a person convicted of crime may not recover damages for the conviction and incarceration until the conviction has been set aside on appeal or collateral attack. A correlative principle is that the claim for relief does not accrue--and the time for suit hence does not start--until the conviction has indeed been set aside. Franklin does not contend that his conviction has been nullified, so to the extent he is challenging his incarceration the suit is too early, not too late.
 
 
 4
 Franklin's brief on appeal is not altogether clear, but we understand it to dispute the validity of the arrest. Claims under the fourth amendment do not impeach the validity of a conviction. An arrest without probable cause may be followed by a valid conviction; a proper arrest may lead to an invalid conviction. Thus it is not necessary to have a conviction set aside to pursue a claim under the fourth amendment. Haring v. Prosise, 462 U.S. 306 (1983); Smith v. Springer, 859 F.2d 31 (7th Cir.1988). Franklin's claim under the fourth amendment therefore accrued in 1989, when he was arrested, and is time-barred.
 
 
 5
 We treat the judgment as responding to the fourth amendment claim. To the extent Franklin is raising arguments that call into question the validity of his conviction, he is free to initiate new litigation under Sec. 1983 if that conviction should be set aside by a court of competent jurisdiction.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record