Ulysses **BRAXTON**, Plaintiff,

v.

**Paul SCOTT, et al., Defendant.**

**No. 1:95CV1458.**

United States District Court,
N.D. Ohio,
Eastern Division.

Nov. 8, 1995.

Ulysses Braxton, Leavenworth, KS, Pro Se.

### MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Ulysses Braxton brings this action pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights by defendants, who are employed as police officers by the City of Cleveland. The complaint was dismissed as frivolous on July 25, 1995, because it lacked an arguable basis in law. Braxton has moved this Court to reconsider its judgment and for leave to amend the complaint. For the reasons discussed below, the motion to reconsider is granted in part and denied in part, and the motion for leave to amend is granted.

## I.

Braxton alleges that on January 10, 1994, he was arrested in his residence by defendant officers of the Cleveland Police Department without a warrant and without probable cause, and that his residence was unlawfully searched incident to that arrest. He further alleges that the state charged him with aggravated robbery without probable cause, and that he was unable to make bond for two weeks. This charge was dismissed at the request of the prosecutor on April 14, 1994.

The complaint also alleges that the police engaged in these activities in order to obtain evidence connecting Braxton with a string of bank robberies. Braxton was subsequently indicted by a federal grand jury on March 15, 1994, on several charges in connection with those bank robberies. Prior to his trial, he moved to suppress the evidence seized from his home, but withdrew the suppression motion before a hearing on the merits.

Braxton was tried by a jury before Judge Paul Matia, and was convicted of four counts each of bank robbery and firearms violations on August 10, 1994. Judge Matia sentenced Braxton to a term of 135 months plus 65 years. Braxton has not appealed his conviction, but has appealed the denial of his post-conviction motion for transcripts. He is currently incarcerated in the federal penitentiary at Leavenworth, Kansas.

This Court dismissed Braxton's *pro se* complaint pursuant to 28 U.S.C. § 1915(d), which allows a court to dismiss an *in forma pauperis* claim if it is frivolous. This Court concluded that the claim was frivolous because it lacked an arguable basis in law. More specifically, it held:

> The complaint clearly challenges the validity of plaintiff's federal conviction and confinement in a penal institution. Absent an allegation that plaintiff's conviction has been reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. *Heck*

*v. Humphrey,* [—— U.S. ——, ——] 114 S.Ct. 2364, 2372 [129 L.Ed.2d 383] (1994); *see also Schilling v. White,* No. 94–3097 [58 F.3d 1081] (6th Cir. July 6, 1995) (recommended for full-text publication) (illegal search).

In response, Braxton has filed a motion for reconsideration. Braxton argues that he is not challenging the validity of his federal conviction. Rather, he claims only to be suing for compensatory damages from the allegedly illegal arrest on state charges which were later dismissed.

## II.

### A. Standard for Reconsideration

■ Braxton's motion is captioned as a motion for reconsideration, and asks for relief under Fed.R.Civ.P. 59(e). On its face, Rule 59(e) covers only motions to amend or alter judgments. It is well-settled, however, that this rule also provides for motions to vacate judgments and for reconsideration. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir. 1982). The decision to grant such a motion is within the sound discretion of the trial court. *Huff,* 675 F.2d at 122. A motion to amend or alter should be granted if "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990) (internal quotation omitted).

Here, Braxton alleges that such a misunderstanding occurred. He argues that he is not, as this Court believed, challenging his federal conviction, but only seeking damages for his unlawful arrest by the Cleveland Police. He concludes from this that *Heck* does not apply. Alternatively, he moves to amend his pleadings to allege that the state charge against him was dismissed, thereby bringing

his complaint in compliance with *Heck.* To determine whether these changes in the complaint would require this Court to reach a different result, a close examination of the relevant law is required.

### B. Ability to Bring § 1983 Claim

■ The Supreme Court recently held that:

> in order to recover damages for an unconstitutional conviction, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ..., or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck,* —— U.S. at ——, 114 S.Ct. at 2372 (emphasis added) (footnote omitted). Therefore, even though there is no state conviction and Braxton is not directly challenging his federal conviction, his § 1983 suit is barred by *Heck* if the harm he complains of would invalidate his federal conviction.[1] The test to be applied is whether a judgment in favor of the plaintiff in the § 1983 action would *necessarily* imply the invalidity of the conviction or sentence. *Id.* (emphasis added).

Applying this general rule, the Court observed in a footnote that a § 1983 plaintiff may bring an action for damages resulting from an unreasonable search or seizure without first having the conviction set aside. *Id.* at —— n. 7, 114 S.Ct. at 2372 n. 7. Due to doctrines such as harmless error and inevitable discovery, a determination that the search was unlawful would not necessarily imply the invalidity of the conviction. *Id.* However, the Court also noted that to recover in such an action, the plaintiff must show an actual compensable injury, and that the injury must be distinct from the injury of being convicted and imprisoned if the convic-

---

**1.** It is of no consequence that the plaintiff in *Heck* was seeking to recover for damages resulting from a state conviction, while here the conviction is federal. The remedy for relief from federal convictions, 28 U.S.C. § 2255, parallels the writ of habeas corpus, which provides the remedy for relief from state convictions. 28 U.S.C. § 2254. Therefore, the same concerns about finality of convictions and using § 1983 as an "end run" around the requirements of the habeas statute apply in § 2255 cases, and the rule in *Heck* is equally applicable.

tion has not been overturned. *Id.* at ———— n. 7, 114 S.Ct. at 2372–73 n. 7.

■ In summary, it appears that a § 1983 plaintiff, such as Braxton, who seeks to recover damages resulting from an illegal search or seizure without overturning the related conviction, must meet two criteria. First, success on the § 1983 claim must not necessarily imply the invalidity of the conviction. Second, the plaintiff must allege a compensable injury other than the conviction or imprisonment which has not been overturned.

In its first case applying the rule in *Heck*, the Sixth Circuit was confronted with a § 1983 plaintiff who sought monetary damages for an allegedly illegal search of his automobile prior to his arrest for driving under the influence. *Schilling v. White*, 58 F.3d 1081, 1082–83 (6th Cir.1995). It concluded that the complaint should be dismissed because the state conviction had not been overturned and that, therefore, the plaintiff had alleged no compensable injury. *Id.* at 1086. In so doing, the circuit explicitly disagreed with the Seventh Circuit, which had held that the conviction need not be set aside to pursue a fourth amendment claim under § 1983. *Id.* (citing *Franklin v. Summers*, No. 93–2939, 1994 WL 585402 (7th Cir. Oct. 24, 1994)). The Sixth Circuit, quoting footnote seven in *Heck*, observed that the Supreme Court had held that because an illegal seizure does not make a conviction invalid, it does not create a compensable injury under § 1983. *Id.* Thus, the circuit concluded that "[t]he language of Heck plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition for this type of § 1983 suit." *Id.*

One possible reading of *Schilling* is as creating a *per se* rule requiring that the conviction be set aside as a prerequisite to bringing a § 1983 claim on a related issue. However, this reading would contradict the conclusion of the Supreme Court in footnote seven of *Heck*, where the Court indicated that fourth amendment claims may be brought without setting aside the conviction if success on the claim would not invalidate

the conviction and a separate compensable injury is alleged. *Heck*, —— U.S. at ———— n. 7, 114 S.Ct. at 2372–73 n. 7. A more plausible reading of *Schilling*, and one which is compatible with *Heck*, is that fourth amendment claims are to be treated no differently than any other § 1983 claims which are related to convictions. In other words, fourth amendment claims under § 1983 may be brought without setting aside the conviction only if success would not undermine the conviction and if the plaintiff alleges a compensable injury other than the conviction.

■ Applying this rule to the current case, it is clear that this Court erred in dismissing Braxton's complaint to the extent he seeks damages resulting from the allegedly illegal arrest. First, a determination that the arrest was illegal would not imply that the resulting conviction was invalid, because an illegal arrest does not affect the validity of the subsequent conviction. *Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S.Ct. 854, 865–66, 43 L.Ed.2d 54 (1975). Second, taking the allegations in Braxton's complaint as true for the purposes of this motion, Braxton alleges compensable injuries independent of his conviction and imprisonment on federal charges. Specifically, Braxton alleges that he was embarrassed by being arrested in front of his family, was kept in jail for over two weeks, including his birthday, posted bond, and suffered mental anguish and emotional distress. This is distinguishable from *Schilling*, where the plaintiff's only injury was the conviction. Therefore, Braxton satisfies the criteria of *Heck* and *Schilling*, and this Court erred in dismissing the complaint.

■ However, this Court correctly dismissed any claims resulting from the allegedly unlawful search. Braxton meets the first criterion, because even if evidence discovered in a search incident to his arrest was admitted at his federal trial, a determination that the search was illegal would not necessarily imply the invalidity of the conviction. *Heck*, —— U.S. at ———— —— n. 7, 114 S.Ct. at 2372–73 n. 7.

■ In addition, a finding that the search was illegal could not, as a practical matter, impair the validity of Braxton's conviction.

Braxton withdrew his motion to suppress before trial. It is well-settled that failure to move to suppress evidence bars a defendant from raising that issue on appeal or collateral review. *Campino v. United States,* 968 F.2d 187, 190 (2nd Cir.1992). Therefore, Braxton is barred from attacking his federal conviction on the grounds that evidence resulting from the allegedly illegal arrest was admitted into evidence.

However, Braxton fails to meet the second criterion because he alleges no compensable injury from the search except that the evidence was used in his federal trial. As noted above, the plaintiff must identify some injury other than the conviction. Since Braxton has not met that requirement, this claim must be dismissed.

In summary, Braxton's complaint does state a cognizable § 1983 claim for injuries arising out of his arrest by the Cleveland Police on January 10, 1994. However, he does not state a cognizable claim for injuries arising out of the search incident to that arrest. This Court, due to its misunderstanding of Braxton's complaint, erred in dismissing the entire complaint. Therefore, Braxton's motion for reconsideration under Fed.R.Civ.P. 59(e) is granted in part and denied in part, and the order dismissing the complaint is vacated in so far as it dismisses plaintiff's claim for damages resulting from his illegal arrest.

### III.

The final issue is Braxton's motion for a leave to file an amended complaint. As an initial matter, Braxton can file an amended complaint as of right, without leave of this Court. A party may file an amended pleading once as a matter of course at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a). Here, no responsive pleading has been served, so Braxton may amend his complaint as of right.

However, this Court also notes that the original complaint is hardly a paragon of clarity. In fact, confusion as to the nature of the original complaint is precisely what led to its original dismissal. Therefore, this Court concludes that the filing of an amended complaint would be especially appropriate.

This Court also concludes that requiring the defendants to answer the original complaint when an amended complaint is expected would waste judicial resources. Therefore, the plaintiff is granted leave to file an amended complaint within 30 days from the date of this order. Once the amended complaint is filed, defendants will have 20 days to respond pursuant to Fed.R.Civ.P. 12(a)(1)(A). If the plaintiff does not file an amended complaint within the 30–day period, then the defendants will have 20 days from the expiration of the period to respond to the original complaint.

### IV.

For the foregoing reasons, this Court concludes that it erred in dismissing Braxton's complaint in its entirety. Therefore, Braxton's motion for reconsideration under Fed.R.Civ.P. 59(e) is granted in part and denied in part. This Court's order dismissing the complaint is vacated to the extent that it dismissed Braxton's claims for damages resulting from his arrest on January 10, 1994, but it is not vacated to the extent that it dismissed the remainder of Braxton's claims. The United States Marshal is therefore ordered to serve a copy of the original complaint, as well as a copy of this order, upon the defendants. Finally, plaintiff is granted leave to file an amended complaint within the next 30 days. The defendants shall have 20 days from the filing of the amended complaint or the expiration of the 30–day period to file a responsive pleading.

IT IS SO ORDERED.