UNITED STATES COURT OF APPEALS
**Filed 7/29/96**
TENTH CIRCUIT

ROBERT E. COTNER,

    Plaintiff-Appellant,

v.

LARRY FUGATE, and
DOUG NICHOLS,

    Defendants-Appellees.

No. 95-5256
(D.C. No. 92-C-1182-H)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Robert E. Cotner appeals the district court's dismissal of his 42 U.S.C. § 1983 action. Cotner sought monetary damages for illegal searches and seizures and for illegal

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

arrest and malicious prosecution. We have jurisdiction under 28 U.S.C. § 1291.

The district court dismissed the action for failure to state a claim. The court found Cotner's claims challenged the validity of his criminal convictions and the sentence he was serving, and that, under Heck v. Humphrey, 114 S. Ct. 2364 (1994), such claims cannot be brought under § 1983 in the absence of proof that the convictions and sentence had been reversed or otherwise held invalid. Cotner contends his claims were not dependent on the invalidity of his convictions. Although we agree with Cotner that his claims, if proved, would not necessarily demonstrate the invalidity of his convictions and sentence, see id. at 2372-73, n. 7; Braxton v. Scott, 905 F. Supp. 455, 458 (N.D. Ohio 1995), we may affirm the district court for any reason supported by the record. See In re Courtesy Inns, 40 F. 3d 1084, 1087 (10th Cir. 1994).

The court liberally construes pro se complaints. See Haines v. Kerner, 404 U.S. 519, 520-22 (1972). A constitutional civil rights claim should be dismissed only if it appears beyond doubt that plaintiff could prove no set of facts in support of the claim that would entitle plaintiff to relief. In reviewing a dismissal under Fed. R. Civ. P. 12(b)(6), all allegations in the complaint must be accepted at face value and must be construed in the light most favorable to plaintiff. See Meade v. Grubbs, 841 F. 2d 1512, 1526 (10th Cir. 1988). However, claims that are supported only by vague and conclusory allegations should be dismissed. Hall v. Bellmon, 935 F. 2d 1106, 1110 (10th Cir. 1991).

Cotner seems to base his false arrest and malicious prosecution claim on the dismissal and subsequent expungement of seven of the thirteen counts originally charged; however, Cotner was convicted of the other six counts and sentenced to life in prison. The dismissal and expungement of the seven counts do not establish that Cotner's arrest

and prosecution for those counts were wrongful. Contrary to his argument, Oklahoma law permits law enforcement officers to arrest for felonies committed outside their presence. See Okla. Stat. Ann. tit. 22, §196 (West 1992). Cotner alleged no other facts to support his claim of wrongful arrest and prosecution and his conclusory allegations were insufficient to state a claim.

Cotner argues he raised claims of two illegal searches in July 1991 and March 1992 in which his property was seized without a warrant. The district court correctly dismissed any claim based on the March 1992 search and seizure as Cotner made only a cursory reference to that search and alleged no supporting facts. Cotner also failed to state a claim that the July 1991 search and seizure were unlawful. He appears to base his argument largely on the seizure of many items of property not listed on the warrant for the July 1991 search and on a state court order for the return of some of the seized items. The order for return adopted an agreement between Cotner and the state settling an action commenced by the state to forfeit the seized property as property acquired during the period in which drug laws were violated. The state court ordered the remainder of the property forfeited to the state.

Oklahoma law requires return of property not listed on a warrant. See Okla. Stat. Ann. tit. 22, §1237 (West 1986); Huggins v. State, 861 P.2d 1007, 1009 (Okla. App. 1993). Cotner contends the order to return some of the seized property establishes the search and seizure were unlawful. But see State ex rel. Macy v. Thirty Thousand Seven Hundred Eighty One Dollars & No/100, 865 P.2d 1262, 1265 (Okla. App. 1993) (improper seizure does not immunize seized property from forfeiture). Assuming without deciding that the seizure of some of the property was unlawful under Oklahoma law, we

3

conclude this violation of state law alone will not support a § 1983 claim. See Malek v. Haun, 26 F. 3d 1013, 1016 (10th Cir. 1994). Cotner was required to allege facts showing a violation of federal law.

Under federal law, when law enforcement officers grossly exceed the scope of a search warrant in seizing property, the particularity requirement of the warrant clause of the Fourth Amendment is undermined and a valid warrant is transformed into a general warrant in violation of the constitution. See United States v. Medlin, 842 F.2d 1194, 1199 (10th Cir. 1988). However, seizure of property not listed on a warrant during an otherwise lawful search does not violate the Fourth Amendment if the property was in plain view and its incriminating character was immediately apparent. See Horton v. California, 496 U.S. 128 (1990).

Cotner alleged no facts tending to show the property was seized in violation of federal law. It is undisputed the search resulted in the discovery of illegal drugs. The Oklahoma Uniform Controlled Dangerous Substances Act provides that a broad range of property associated with drug offenses is subject to seizure and forfeiture, including books and records used in violation of the Act, any property furnished or intended to be furnished in exchange for an illegal drug, proceeds of such exchanges, all money used or intended to be used to facilitate any violation of the Act, all weapons available for use in any manner to facilitate a violation of the Act, and any property acquired during or within a reasonable time after the violation of the Act if there was no likely source for the property other than the violation. Okla. Stat. Ann. tit. 63, § 2-503 (West 1996 Supp.). Property subject to forfeiture under the Act may be seized by any law enforcement officer incident to a search warrant or when probable cause exists to believe the property has

4

been used or will be used in violation of the Act. Okla. Stat. Ann. tit. 63, § 2-504 (West 1984). Because Cotner alleged no facts tending to show the property was not in plain view or that it was not immediately apparent there was probable cause to believe it was subject to seizure and forfeiture under §§ 2-503 and 2-504, he failed to state a claim that the seizure violated federal law.

Cotner also failed to state § 1983 claims based on disposal of the seized property without due process. He alleged that Larry Fugate failed to place seized property in the sheriff's department property room and disposed of it unlawfully, and that another deputy stole property that was placed in the property room.

Random and unauthorized deprivation of property does not deny due process if the state provides adequate post-deprivation remedies. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Cotner asserted no facts to show the acts of the deputies were anything other than random unauthorized acts. Although Cotner alleged the sheriff was personally involved in the search and initial seizure of the property, Cotner did not allege the sheriff was personally involved in the failure to place property in the property room or in the theft of property from the property room. Thus, Cotner alleged no facts tending to show the sheriff authorized or approved of the disposal of the property.

There are state post-deprivation remedies for unlawful deprivation of property. See Okla. Stat. Ann. tit. 12, § 1571 (West 1993) (replevin); Okla. Stat. Ann. tit. 22, § 1237 (West 1986) (return of seized property not described in warrant); Okla. Stat. Ann. tit. 51, §§ 151-171 (West 1988) (Governmental Tort Claims Act); Wolfe v. Faulkner, 628 P.2d 700 (Okla. 1981) (conversion). See also Okla. Stat. tit. 63, § 2-506 (West 1996 Supp.) (requiring notice and hearing for forfeiture of property associated with drug crimes

5

and placing burden of proof on state).  Cotner has not alleged that these remedies are inadequate.  Consequently, he has failed to state a § 1983 claim.

Cotner's objection to the appearance of appellees' attorney is DENIED.  Cotner has not shown that the attorney has been found ineligible to practice before this court.  <u>See</u> Fed. R. App. P. 46(b).  The judgment is AFFIRMED.  The mandate shall issue forthwith.

<div style="margin-left: 50%;">
Entered for the Court

Mary Beck Briscoe<br>
Circuit Judge
</div>