**In re Pedro CRUZ and Nereida Santiago, Debtors.**

**No. 98–13324/GMB.**

United States Bankruptcy Court, D. New Jersey.

Oct. 13, 2000.

Eric J. Clayman, Jenkins & Clayman, Haddon Heights, NJ, for Debtors.

Donna L. Wenzel, Office of Chapter 13 Standing Trustee, Cherry Hill, NJ, for Isabel Balboa, Chapter 13 Trustee.

## MEMORANDUM OPINION:

GLORIA M. BURNS, Bankruptcy Judge.

Before the court is the debtors' application to modify their confirmed Chapter 13 plan to reduce the payments being made to the second mortgagee from $6,859.03 to zero by retroactively applying the Third Circuit's recent decision in *In re McDonald,* 205 F.3d 606 (3d Cir.2000) which held that a wholly unsecured mortgage on a Chapter 13 debtor's residence is not subject to the anti-modification clause of 11 U.S.C. § 1322(b). The Chapter 13 trustee objects to the proposed modification. The following constitutes the opinion of this court.

## FACTS:

The facts of this case are uncontested. On April 8, 1998, the debtors filed a joint petition for Chapter 13 relief. In their schedules, they listed real property located

at 1237 Everett Street, Camden with a value of $40,000. They indicated that the property was secured by a first mortgage held by Cenlar Loan Administration and Reporting ("Cenlar"), and a second mortgage held by the Foremost Servicing Company ("Foremost"), the servicing agent for Union Mortgage Company, Inc. The debtors listed the first mortgage obligation as $25,000 and represented that they were $3,500 in arrears. They did not schedule an amount due for the second mortgage.

After being notified of the debtors' bankruptcy, Cenlar filed a secured proof of claim in the amount of $37,446.14 and noted that the debtors were in arrears for $14,102.30. Foremost filed a secured proof of claim in the amount of $6,859.03. Subsequently, the debtors filed an objection to Cenlar's proof of claim and the claim was later amended to reflect arrears of $9,891.37. The debtors did not object to Foremost's proof of claim.

On January 6, 1999, the debtors' Chapter 13 plan was confirmed at $360 for seven months and then at $628 per month for fifty two months to be paid via wage order. Pursuant to the debtors' plan, Cenlar was to receive $9,891.37 for pre-petition arrears and Foremost was to receive $6,859.03 to pay the second mortgage in full. Regular payments were to be continued to Cenlar outside the plan. The debtors have now been making payments for twenty nine months.

Over one year later, on March 9, 2000, the Third Circuit decided *In re McDonald,* 205 F.3d 606 (3d Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 66, —— L.Ed.2d —— (U.S.2000)(No. 99–1993) and held that a wholly unsecured mortgage on a Chapter 13 debtor's residence is not subject to the Bankruptcy Code's antimodification clause found in § 1322(b)(2).

On July 12, 2000, eighteen months after confirmation of their plan, the debtors filed a motion to modify their Chapter 13 plan in order to modify the second mortgage claim held by Foremost which is presently being paid in full. According to the certifi-

cation of service which accompanies the debtors' motion, service was made to "Isabel Balboa, Trustee; Union Mortgage Company, Inc.; and the debtors". This certification of service does not comply with D.N.J. LBR 9013–3 which requires that all moving papers shall include a certificate of service that shall identify the relationship to the case of each party served. As the 1998 comment to this rule provides, proper service is effected by identifying the name of the party served, the address of the party served, and the party's relationship to the case. Assuming that the debtors served Union at the address listed in the debtors' schedules, which is also the address provided by Union's servicing agent, Foremost, on its proof of claim, it appears that Union did receive service of the instant motion, despite the certification deficiencies.

Ignoring the scheduled value of $40,000 declared under penalty of perjury and upon which basis the plan was confirmed, the debtors assert that their home was worth only $26,900 based on the property tax assessment issued by the City of Camden for the year 2000. Since the balance due on the first mortgage held by Cenlar is $37,446.14 which exceeds this amount, the debtors contend that the second mortgage held by Foremost is wholly unsecured and can be modified to zero based on the *McDonald* decision. The debtors also urge this court to apply *McDonald* retroactively to permit this modification.

The Chapter 13 trustee objects to the debtors' proposed modification on the grounds that the confirmed plan is res judicata on all issues that were or could have been decided at confirmation. Because prior to confirmation the debtor could have objected to Foremost's proof of claim and any party could have challenged the $40,000 valuation, the trustee asserts that the debtor cannot now take a position contrary to the position taken at confirmation. The trustee also contends that § 1329 does not permit the proposed modi-

fication because the debtors are seeking to change the treatment of Foremost's claim from a secured claim to an unsecured claim.

For the following reasons, the debtors' request to modify their Chapter 13 plan is denied.

### DISCUSSION:

I. *Effect of the Debtor's Confirmed Plan and Modification of Foremost's Secured Claim:*

■ The requirements for confirmation of a Chapter 13 plan with respect to secured claims are found in §§ 1322(b)(2) and 1325(a) of the Bankruptcy Code. Pursuant to § 1322(b)(2), a debtor's Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). Pursuant to § 1325(a)(5)(B), a Chapter 13 plan must be confirmed if, among other requirements, it provides for the holder of an allowed secured claim to retain the lien securing such claim and provides for the payment of the value, as of the effective date of the plan, of any allowed secured claim. 11 U.S.C. § 1325(a)(5)(B). Alternatively, the plan shall be confirmed if the holder of the secured claim has accepted the plan. 11 U.S.C. § 1325(a)(5)(A). Accordingly, the value of each secured claim is fixed upon confirmation as of the effective date of the plan. *In re Meeks,* 237 B.R. 856, 859 (Bankr.M.D.Fla.1999).

■ In relevant part, the Bankruptcy Code provides that:

The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a). Once a plan is confirmed, it is res judicata to all issues that were or could have been brought prior to confirmation. *In re Szostek,* 886 F.2d 1405, 1408 (3d Cir.1989).

After a plan has been confirmed, the Code provides for specific circumstances in which a confirmed plan be modified.

■ Section 1329 provides:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than under the plan.

11 U.S.C. § 1329(a). This section explicitly sets forth the bases upon which a motion to modify a confirmed plan may be made. This section does not permit the debtor to change the classification of a creditor's claim from secured to unsecured.

■ While § 1329 permits debtors to seek modification in order to increase or decrease monthly payments to a secured creditor so long as the full amount of the allowed secured claim is paid in full, nothing in the language of § 1329 permits debtors to reclassify a secured claim. *In re Meeks,* 237 B.R. at 860. "Nowhere in § 1329(a) does the statute permit a debtor to modify the amount of an allowed secured claim. Likewise, § 1329(a) does not allow a debtor to reclassify an allowed secured claim as an unsecured claim. The claim amount is fixed at the confirmation hearing, and no provision in § 1329 allows for the later modification or reexamination of the claim amount." *Id.*

■ A construction of § 1329(a) that allows reclassification of secured claims to unsecured claims reads the requirements

of § 1325(a)(B)(5) out of the Code. *In re Dunlap*, 215 B.R. 867, 870 (Bankr. E.D.Ark.1997). Once allowed, a secured claim is fixed in amount and status and must be paid in full. 11 U.S.C. § 1325(a)(5)(B)(ii). Therefore, § 1329(a)(1) can only be read to allow a modification in the amount of payment on a secured claim to accelerate or slow the rate at which the claim is paid, not to alter the amount of the claim. *In re Coleman*, 231 B.R. 397, 399 (Bankr.S.D.Ga.1999). "In other words, altering the amount or timing of payments on a secured claim cannot change the fact that, in the end, the full amount of the secured claim established, as of the effective date of the plan, must be paid." *Id.* at 399–400. Otherwise, modification in order to reclassify claims subjects the secured creditor to the unilateral whims of a debtor throughout the life of the plan. *Id.* at 400.

Since the amount and status of a claim is fixed at confirmation and § 1329 does not permit revaluation of collateral or reclassification of claims post-confirmation, the parties are bound by the amount of a secured claim under § 1327 and the amount of the claim must be paid in full. *In re Coleman*, 231 B.R. at 401–02; *In re Meeks*, 237 B.R. at 861–62.

This court holds that § 1329 does not permit a debtor to modify the classification of a creditor's allowed secured claim from secured to unsecured. Confirmation of the debtor's plan is res judicata as to the amount and classification of a secured creditor's claim.

■ This court is mindful that a few other courts, including *In re Day*, 247 B.R. 898, 903 (Bankr.M.D.Ga.2000), *In re Jock*, 95 B.R. 75 (Bankr.M.D.Tenn.1989), and *In re Stone*, 91 B.R. 423 (Bankr. N.D.Ohio1988), have held that § 1329(a)(1) does permit adjustments to the total amount of payments on an individual secured claim and allows the reclassification of a secured claim as unsecured. These courts reason that, if the debtor could not modify a secured claim in this manner, the debtor could merely convert his or her case to a Chapter 7 case, surrender the collateral and discharge any deficiency or could dismiss the Chapter 13 case, re-file for Chapter 13 relief, and discharge any deficiency as an unsecured debt. These courts, therefore, conclude that Congress contemplated modification of a Chapter 13 plan to permit the modification of a secured creditor's claim from secured to unsecured. *In re Jock*, 95 B.R. at 78; *In re Frost*, 123 B.R. 254, 259 (S.D.Ohio 1990).

This court notes, however, that the rationale of these cases has been rejected by other courts across the country and this court also respectfully disagrees with those decisions which permit the post-confirmation modification of a secured creditor's claim to an unsecured claim. "Conversion or dismissal, while effectively allowing the debtor to reclassify a secured creditor's claim, also exposes the debtor to other risks and responsibilities, whereas no such tradeoff exists if the debtor is allowed to simply modify the plan." *In re Coleman*, 231 B.R. at 401. Chapter 13 is generally a more favorable option to debtors rather than Chapter 7 and Chapter 13 may have been specifically chosen by the debtor for its benefits over Chapter 7. *Chrysler Financial Corp. v. Nolan*, 234 B.R. 390, 397 (M.D.Tenn.1999). Further, conversion or dismissal may not be desirable for or available to a particular debtor; therefore, it is likely that Congress intended for the debtor to accept such risks and responsibilities if he or she wants to reclassify a secured creditor's claim. *In re Coleman*, 231 B.R. at 401. While a debtor may be able to dismiss a Chapter 13 case and re-file or may be able to convert to Chapter 7 to obtain the same result as his or her desired "modification", these scenarios do not affect or serve to extend the scope of § 1329.

In the instant case, the debtors provided in their schedules that their real property had a valued of $40,000 and was subject to two mortgages. After each mortgagee

filed a secured proof of claim, the debtor objected only to the amount of arrears asserted by Cenlar, the first mortgagee. That proof of claim was thereafter amended. Based on the debtors' declared value of their home and the amounts due for the two mortgages secured by that home, the debtors could not have modified the claims of either mortgagee, even under the holding in *McDonald* since the value of the home was sufficient to provide security at least in part for both mortgages.

■ The debtors now want to ignore their prior statement of value made under penalty of perjury and base the value of their home on a 2000 tax assessment by the City of Camden which values their home at $26,900. Their position is rejected for two reasons. First, the petition was filed in 1998 and the plan was confirmed in 1999, so the 2000 value is not in issue. Second, the issue of value could have and should have been litigated prior to confirmation of the debtors' plan. As a result, the debtors are bound by their statement, upon which all parties relied at confirmation, that their home was worth $40,000. *See In re Wolf,* 162 B.R. 98, 103–105 (Bankr.D.N.J.1993).

The debtors' do correctly note that § 1329 provides an exception to the binding effect of a confirmed plan in certain situations. However, none of those situations exist in the instant case. First, the debtors are not proposing to change the payments to an entire "class" of claims. They are seeking to change the classification of an individual creditor's claim and, as a result, how that creditor will be treated under the plan. Second, they are not proposing to extend or reduce the time for payments. Third, the debtors are not proposing to alter the amount being paid to a creditor to account for payments made outside of the plan.

The debtors assert that they are merely attempting to reduce the payments to Foremost from $6,859.03 to zero. Aside from the fact that confirmation of the debtors' plan fixed the amount of Foremost's secured claim at $6,859.03, the only basis for reducing the payments to zero would be the reclassification of Foremost's claim to unsecured. As the above authorities provide, § 1329 does not permit debtors to modify a secured claim by reclassifying it as an unsecured claim.

Based on the facts of this case, the debtors are bound by their confirmed plan which provides for the full payment of Foremost's secured claim in the amount of $6,859.03. *See In re Szostek,* 886 F.2d at 1413. Furthermore, because the debtors could have litigated the issue regarding the value of their home prior to confirmation, they are bound by the value which they provided in their schedules under penalty of perjury and cannot now attempt to litigate that issue based on a 2000 tax assessment issued by the City of Camden.

II. *Retroactive Application of McDonald:*

■ Even if the debtors could modify the rights of Foremost under § 1329 as they propose, there is no basis to do so because the Third Circuit's decision in *McDonald* is not subject to retroactive application.

■ Prior to the *McDonald* decision, this court and several others in this jurisdiction interpreted § 1322(b)(2) to preclude debtors from modifying the rights of any mortgagee which held a security interest in the debtors' residence whether or not the mortgage was secured by any value in the collateral. The *McDonald* decision changed the interpretation in this jurisdiction by holding that a wholly unsecured mortgage was not subject to the anti-modification provision of § 1322(b)(2) and could be stripped off. However, nothing in that decision held that it was to be applied retroactively. As the Supreme Court has explained, retroactivity is limited by finality and " 'once suit is barred by res judicata or by statutes of limitation or repose, a new rule cannot reopen the door already closed.' " *In re*

*Wolf,* 162 B.R. at 105 (quoting *James B. Beam Distilling Co. v. Georgia,* 501 U.S. 529, 541, 111 S.Ct. 2439, 2446, 115 L.Ed.2d 481 (1991)). Even if a decision might arguably be given retroactive effect, the decision would not override the application of res judicata. *In re Klus,* 173 B.R. 51, 57 (Bankr.D.Conn.1994). The res judicata effect of a decision is not diminished by the fact that the decision was erroneous. *Id.* Judicial changes in the law cannot provide the basis for litigation that would previously have been barred by res judicata. *Id.*

In the instant case, this court confirmed the debtors' Chapter 13 plan based on the then current law in this jurisdiction which precluded a debtor from modifying the rights of holders of claims secured only by the debtors' principal residence. The debtors chose not to appeal this decision and the confirmation order is now final. The debtors are bound by the provisions of their confirmed plan and the *McDonald* decision cannot be retroactively applied where an order of confirmation has become final.

### *CONCLUSION:*

For the foregoing reasons, this court denies the debtors' application to modify their confirmed Chapter 13 plan. The debtors' confirmed plan is res judicata to all matters which were or which could have been determined prior to confirmation, including the value of their residence and the amount and nature of the second mortgagee's claim. The proposed post-confirmation modification impermissibly changes the treatment of the second mortgagee's allowed secured claim to a general unsecured claim which would receive a dividend of zero. This type of modification is not contemplated by 11 U.S.C. § 1329.