**In re Ronald L. MILLER, Marjorie I. Miller, Debtors.**

No. 06–32425.

United States Bankruptcy Court, S.D. Ohio, Western Division at Dayton.

May 14, 2010.

David L. Mikel, Troy, OH, for Debtor.

**DECISION OF THE COURT:**

LAWRENCE S. WALTER, Bankruptcy Judge.

**1) GRANTING THE MOTION OF M&I MARSHALL & ILSLEY BANK FOR RECONSIDERATION AND FOR RELIEF FROM THE ORDER CONFIRMING MODIFICATION OF DEBTORS' PLAN AFTER CONFIRMATION (doc. 64 redocketed as doc. 70);**

**2) VACATING ITS ORDER CONFIRMING MODIFICATION OF PLAN AFTER CONFIRMATION (doc. 58);**

**3) DENYING THE DEBTORS' MOTION FOR MODIFICATION OF PLAN POST–CONFIRMATION (doc. 50);— AND—**

**4) GRANTING THE MOTION OF DEFENDANT M&I MARSHALL & ILSLEY BANK TO DISMISS PLAINTIFFS' ADVERSARY COMPLAINT IN ADV. NO. 09–3390 (adv.doc.4).**

This matter is before the court upon several filings of Debtors Ronald and Marjorie Miller ("Debtors"), the creditor and mortgagee M&I Marshall & Ilsley Bank ("M&I"), and the Chapter 13 Trustee ("Trustee"). The primary filing is the *"Motion of M&I Marshall & Ilsley Bank for Reconsideration and for Relief from the Order Confirming Modification of Debtors' Plan After Confirmation"* filed January 18, 2010 (doc. 64 redocketed as doc. 70) countered by the *"Chapter 13 Trustee's Response in Opposition"* filed January 25, 2010 (doc. 67) and M&I's *"Reply"* filed on February 5, 2010 (doc. 76).

Also inextricably linked to the foregoing filings are the following: *"Motion for Modification of Plan Post Confirmation"* filed by Debtors on December 7, 2009 (doc. 50) and granted by an *"Order Confirming"* the modified plan on January 7, 2010 (doc. 58) (collectively referred to herein as "Modified Plan"); *"Objection of M&I Marshall & Ilsley Bank to Debtors' Motion to Modify Plan Post Confirmation"* filed January 6, 2010 (doc. 56); *"Debtors' Motion to Strike Objection to Motion to Modify Plan Post Confirmation"* filed January 8, 2010 (doc. 61); *"Response of M&I Marshall & Ilsley Bank to Debtors' Motion to Strike"* filed January 21, 2010 (doc. 65); and, in Adversary Proceeding 09–3390, the *"Motion of the Defendant, M&I Marshall & Ilsley Bank, to Dismiss Plaintiffs' Adversary Complaint"* filed January 6, 2010 (adv.doc.4) and Debtor-Plaintiffs' *"Response"* filed January 26, 2010 (adv.doc.6).

On February 5, 2010, the court entered an order (doc. 76) canceling a scheduled hearing on the Motion for Relief and setting a deadline of February 18, 2010 for the parties to complete their filings in these matters. In addition, the order stated that the court would schedule a hearing or establish a briefing schedule upon the request of any party. The deadline has now passed, filings are complete, and no party has requested a hearing or an opportunity for further briefing. Consequently, these interrelated matters are now ready for decision.

### FACTUAL AND PROCEDURAL BACKGROUND

Debtors filed their Chapter 13 bankruptcy petition on August 30, 2006. In their schedules, they stated that the current value of their primary residence was $78,600.00. As is customary, an appraisal of Debtors' primary residence was con-

ducted shortly thereafter and filed with the court on September 28, 2006 indicating a fair market value of $57,000.00. At either the value indicated in the Debtors' schedules or the appraisal, there was sufficient equity to fully secure the first mortgage to USDA as scheduled by the Debtors at $46,016.53 plus an arrearage of $1,800.00, and to partially secure the second mortgage to M&I scheduled at $25,792.93 plus a $500 arrearage. On the same date that they filed their bankruptcy petition, the Debtors filed a Chapter 13 plan which proposed to treat both mortgages as secured claims and required full monthly payments and curing of the arrearage on each mortgage during the 60–month term of the plan. Neither mortgage holder objected to these terms and the Debtors confirmed their Chapter 13 plan on December 27, 2006.

The plan, as proposed and subsequently confirmed, also contained the following language in bold print in the section pertaining to the treatment of real estate under the plan:

NOTE: If the intent of the Debtor is to file an adversary proceeding to cram down a wholly unsecured junior mortgage, said adversary proceeding should be filed within thirty (30) days of confirmation and an objection to the Proof of Claim must also be filed to prevent the Trustee from paying on the claim.

This is standard language contained in the model Chapter 13 plan generally filed by debtors in the Dayton bankruptcy court.

M&I filed a proof of claim on September 21, 2006 (claim no. 8–1). On the first page, M&I provided the address and department at which it wished to receive notices. The claim was designated as a fully secured second mortgage and included an attachment itemizing the claim as of the petition date with a total balance of $26,248.43 plus an arrearage amount of $568.69. On June

7, 2007, the Trustee filed and served his "Notice of Allowance of Claims and Notice of Opportunity to Object" which listed various claims, including the secured balance and arrearage claims of M&I and specified the manner in which they were to be paid by the Trustee in accordance with the confirmed plan. M&I was to be paid $497.37 monthly on its balance and 100% of its arrearage claim during the term of the plan. The notice provided that any objections to the allowance and proposed treatment of the claims were to be filed by July 7, 2007. There were no objections to M&I's claim and the Trustee proceeded to pay the claim accordingly.

The first mortgage holder, USDA, filed its proof of claim on February 5, 2007 (claim no. 18–1). However, instead of the balance of $46,016.53 scheduled by Debtors, the claim was for $68,080.65, an amount exceeding the $57,000.00 appraised value of the residence. This claim, too, was the subject of the Trustee's "Notice of Allowance of Claims and Notice of Opportunity to Object" and, again, no objection was filed.

On December 7, 2009, almost three years after confirming their Chapter 13 plan, Debtors filed their motion to modify their plan. They proposed to modify the plan to cease further payments to M&I on its claim and to "strip" the second mortgage, in effect reclassifying M&I's claim from secured to unsecured. On the same date, Debtors filed an adversary complaint against M&I to effectuate avoidance of the bank's mortgage lien. The adversary complaint was served in accordance with Fed. R. Bankr.R. 7004(h). However, the motion to modify their plan, while served on three somewhat different addresses for M&I, was only served by regular mail and none of the mailings designated any specific department or individual.

Included in Debtors' motion to modify their plan was the 21–day notice required by Fed. R. Bankr.P.2002 and corresponding local rule apprising the recipients that they had 21 days to object to the proposed modification and that failure to timely object would likely result in an order confirming the modified plan. No objection was filed within the specified time and Debtors consequently submitted a proposed order granting confirmation of the modified plan which the court entered on January 7, 2010.

On January 6, 2010, one day prior to the court entering its order but after the 21–day objection period had expired, M&I filed its objection to the proposed modification as well as a motion to dismiss the adversary proceeding. Debtors countered with a motion to strike M&I's objection to the modification as untimely and a response to the motion to dismiss. M&I then followed up with a motion for reconsideration and for relief from the order confirming the modified plan. The Chapter 13 Trustee objected to M&I's Motion for Relief but Debtors did not respond.

### LEGAL ANALYSIS

#### A. Vacation of the Confirmation Order

■ The first matter which the court must consider is whether it should vacate its order confirming the modified plan ("Confirmation Order") because the Debtors' motion to modify their confirmed plan ("Motion") was not properly served on M&I, an "insured depository institution" as that term is defined in Fed. R. Bankr.P. 7004(h). A debtor's motion to modify a confirmed Chapter 13 plan is a "contested matter" making the requirements of Fed. R. Bankr.P. 9014 applicable. Rule 9014(b) requires service of the motion in the manner provided for service of a summons and complaint pursuant to Fed. R. Bankr.P.

7004. When service is to be made on an "insured depository institution," like M&I, Rule 7004(h) requires service by certified mail addressed to an officer of the institution unless one of three exceptions applies, none of which is relevant in this case.[1] Fed. R. Bankr.P. 7004(h).

M&I filed an affidavit of Margaret Fank, a Bankruptcy Team Leader for M&I, attesting to the fact that M&I was not served with the Debtors' Motion by certified mail nor was the Motion served on an officer of the bank (doc. 73, ex. A). Furthermore, the Motion was not served to the attention of "Retail Collections—BRK—180–RC" the department which M&I provided on its proof of claim to receive notices in the Debtors' bankruptcy case (*Id.*). The affidavit's veracity is further substantiated by the Debtors' certificate of service acknowledging service on M&I at three somewhat different addresses, only by regular mail and without direct service on any individual, officer or specific department. Ms. Fank states that because M&I was not properly served, M&I was unable to timely respond and object to the relief requested in the Debtors' Motion (*Id.*). The Debtors do not dispute these facts.

█ It is the burden of the Debtors as movants to ensure that creditors specifically impacted by the relief requested in a motion be properly notified in accordance with the relevant rules of procedure and that the notice satisfies due process requirements. *In re Stassi,* 2009 WL 3785570, at *3 (Bankr.C.D.Ill. Nov.12, 2009) (debtors who propose to strip off

wholly unsecured liens as part of the Chapter 13 confirmation process are responsible for ensuring that the creditor whose lien is to be stripped off receives notice of the plan provisions, related motions, and the dates set for objections and hearings in a manner which fully complies with the Rules including Fed. R. Bankr.P. 7004). In this case, it is clear from the undisputed facts in Ms. Fank's affidavit and the documents filed of record with this court that the Debtors did not comply with Fed. R. Bankr.P. 7004(h) in serving M&I with their Motion and the defective notice did not satisfy the requirements of due process. *See Deutsche Bank Nat'l Trust Co. v. Rogan (In re Allen),* 417 B.R. 850 (E.D.Ky.2009); *In re Jackson,* 2007 WL 4893519 (Bankr.N.D.Ind. Dec.6, 2007) (denying a motion to avoid a judicial lien for defective service on an insured depository institution in the manner provided for in Fed. R. Bankr.P. 7004(h)). Because M&I did not receive sufficient notice of the Motion in a manner that would allow the bank time to object, M&I requests reconsideration of and/or relief from the Confirmation Order referencing both Fed.R.Civ.P. 59 and 60, applicable to bankruptcy proceedings by Fed. R. Bankr.P. 9023 and 9024 with some exceptions.

█ The primary argument raised by the Chapter 13 Trustee is that Rules 59 and 60 are unavailable to grant a creditor relief from a confirmation order because such an order can only be revoked for fraud and via an adversary proceeding pursuant to 11 U.S.C. § 1330(a)[2] and Fed.

---

**1.** The exceptions to service by certified mail on an officer include when service has been waived in writing, the court orders otherwise, or an attorney for the institution has appeared in the case in which instance service by first class mail on the attorney will suffice. Fed. R. Bankr.P. 7004(h). Nothing in the documents of record with the court indicates that

any of the exceptions apply here nor has any party argued their applicability.

**2.** Bankruptcy Code Section 1330(a) provides:

On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a

R. Bankr.P. 7001(5). While the court disagrees with the Trustee's argument, it does recognize the existence of conflicting case law in this area, most recently noted, but not resolved, by the United States Supreme Court in *United Student Aid Funds, Inc. v. Espinosa*, —— U.S. ——, 130 S.Ct. 1367, 1376 n. 9, 176 L.Ed.2d 158 (2010). After careful review, however, the court concludes that even if § 1330 restricts the bases for revoking a confirmation order, it cannot statutorily prohibit a party from revisiting a confirmation order based on constitutional due process concerns such as inadequate notice. *See In re Swanson*, 312 B.R. 153, 157–58 (Bankr. N.D.Ill.2004) (because of the limits of § 1330, relief from a confirmation order can only be granted under Rule 60 for constitutional deprivations that would trump the statute); *In re Hudson*, 260 B.R. 421, 444 (Bankr.W.D.Mich.2001) (noting that constitutional requirements will trump a conflicting statute and that the Supreme Court has repeatedly held that bankruptcy laws are subject to the requirements of due process).

Turning to M&I's request for relief, either rule cited by the mortgage holder could support vacating the Confirmation Order;[3] however, Rule 60(b) is specifically captioned "Relief from a Judgment or Order" and is most commonly invoked for purposes of vacation. Rule 60(b) provides several justifications for relief from a judgment or order: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b). M&I focuses on (b)(4), allowing the court to grant relief from an order when the order is void for reasons that include inadequate notice. *See Deutsche Bank*, 417 B.R. at 852–54 (concluding that improper service of the complaint ultimately led to a lack of due process rendering the default judgment void and relief from it appropriate pursuant to Rule 60(b)(4)); *In re Balzano*, 399 B.R. 428, 430–31 (Bankr. D.Md.2008) (improper service of a motion justified granting relief from the motion pursuant to Rule 60(b)(4)); *Reaves v. America's Servicing Co. (In re Reaves)*, 396 B.R. 708, 714–16 (Bankr.W.D.Tenn. 2008) (failure to properly serve the defendant creditor with a complaint pursuant to Fed. R. Bankr.P. 7004 renders the default judgment obtained against the defendant void and relief from it appropriate pursuant to Rule 60(b)(4)).

In this case, the Debtors failed to properly serve their Motion on M&I in accordance with Fed. R. Bankr.P. 7004(h) and did not serve it to the department M&I listed on their proof of claim. Furthermore, the undisputed facts in Ms. Fank's affidavit indicate that the lack of sufficient notice caused M&I to be unable to timely

---

hearing, the court may revoke such order if such order was procured by fraud.
11 U.S.C. § 1330(a).

**3.** When a motion for reconsideration of a final judgment or order is filed within ten days of entry, a court may regard it as brought pursuant to Rule 59(e). *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir.2002); *Braxton v. Scott*, 905 F.Supp. 455, 457 (N.D.Ohio 1995). Generally, there are four grounds that may justify relief from a judgment or order under Rule 59(e): 1) a clear error of law; 2) newly discovered evidence; 3) an intervening change in controlling law; and 4) to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). Certainly, the failure of the movant to properly serve a party rendering the party unable to timely object to the movant's requested relief provides the court with an alternative basis for vacating an order so as to prevent manifest injustice.

respond to the Debtors' Motion, a clear denial of due process. These facts provide the court with a basis for vacating its Confirmation Order pursue to Fed. R. Bankr.P. 9024 incorporating Fed.R.Civ.P. 60(b). For these reasons, the court hereby vacates its Confirmation Order so that it may consider M&I's substantive objection to the Debtors' proposed modification of their confirmed Chapter 13 plan.

**B. Denial of Debtors' Motion to Modify their Confirmed Plan and Dismissal of their Adversary Complaint**

■ The substantive basis for M&I's objection to the Debtors' Motion is that the strip off of M&I's mortgage lien and reclassification of M&I's claim from secured to unsecured is not the type of post-confirmation modification permitted pursuant to 11 U.S.C. § 1329. The same objection forms the basis for M&I's motion to dismiss the adversary complaint filed by the Debtors to effectuate the strip off of M&I's mortgage lien. Because this type of modification is prohibited, M&I asserts that the Debtors remain bound by their original plan, confirmed on December 27, 2006. That plan treats M&I's claim as secured and entitles M&I to receive monthly mortgage payments as well as full payment of the arrearage owed. For the reasons that follow, the court concurs with M&I's argument and concludes that the Debtors may not modify their confirmed plan pursuant to § 1329 for the purposes of reclassifying M&I's claim as unsecured, stripping off M&I's mortgage lien, and discontinuing payments to M&I almost three years after their confirmed plan treated M&I as a fully secured creditor.

■ Confirmation of a proposed Chapter 13 plan is a critical event in the life of a Chapter 13 case. "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). The purpose of this provision is to provide finality to a confirmation order so that all parties, debtors and creditors alike, may rely on it. *In re Woods,* 406 B.R. 293, 296 (Bankr. N.D.Ohio 2009). "Indeed, confirmation of a plan has been described as 'res judicata of all issues that could or should have been litigated at the confirmation hearing.'" *Ruskin v. DaimlerChrysler Services North Am., LLC (In re Adkins),* 425 F.3d 296, 302 (6th Cir.2005) (further citations omitted).

■ Once a debtor's proposed plan is confirmed, it can only be modified pursuant to 11 U.S.C. § 1329(a) which provides:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments;

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or

(4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance for the debtor (and for any dependent of the debtor if such dependent does not otherwise have health insurance coverage) if the debtor documents the cost of such insurance. . . .

11 U.S.C. § 1329. The Sixth Circuit has analyzed modifications under this provision and concluded that § 1329(a) does not allow a debtor to modify a previously confirmed plan in order to "alter, reduce or reclassify a previously allowed secured claim" but instead "only affords the debtor a right to request alteration of the amount or timing of specific payments." *Chrysler Fin. Corp. v. Nolan (In re Nolan)*, 232 F.3d 528, 532 (6th Cir.2000). *See also In re Vankell*, 311 B.R. 205, 217 (Bankr. E.D.Tenn.2004). To put it more succinctly, once a claim has been allowed as a secured claim and treated as such in a debtor's confirmed Chapter 13 plan, a debtor cannot subsequently modify the plan to reclassify the claim as unsecured.

It is true that the Sixth Circuit's decision in *Nolan* dealt with a somewhat different scenario than that presented in this case. *Nolan* involved the surrender of a vehicle and an attempt to reclassify the deficiency claim as unsecured. However, the basic principle that a debtor cannot modify a confirmed plan to reclassify a secured claim logically extends beyond vehicle financing cases and has in fact been applied to claims of lienholders against real property. *See e.g., Schmid v. Irwin Home Equity (In re Schmid)*, Adv. No. 07–3169, adv. doc. 20 (Bankr.S.D.Ohio Feb. 6, 2008); *In re Cruz*, 253 B.R. 638 (Bankr. D.N.J.2000).

In *Schmid*, Judge Humphrey dealt with the almost identical issue presented in this case. The debtor filed a proposed Chapter 13 plan stating the debtor's intent to pay the second mortgage holder on his residential property as a secured creditor including monthly mortgage payments as well as full payment of the arrearage over the life of the plan. *Schmid*, Adv. No. 07–3169, adv. doc. 20, p. 2. The plan was confirmed without objection. *Id.* Over two years passed without incident. *Id.* at p. 3.

Then, at the request of the debtor, an appraisal of the residential real property was filed showing its current value to be much less than what the debtor had originally scheduled. *Id.*

Based on the appraisal, the debtor filed an objection to the second mortgage holder's claim and an adversary complaint to strip off the second mortgage as wholly unsecured citing to the decision of *Lane v. Western Interstate Bancorp (In re Lane)*, 280 F.3d 663 (6th Cir.2002). *Id.* Judge Humphrey disagreed with the debtor's position and ultimately granted summary judgment to the second mortgage holder in the adversary proceeding and denied the debtor's objection to the creditor's claim. *Id.* at p. 7. Pursuant to 11 U.S.C. § 1327(a) and § 1329, Judge Humphrey held that "a Chapter 13 plan binds the debtor to treatment of a claim as secured and prohibits a post-confirmation attempt to avoid a mortgage lien that is treated as secured in the debtor's confirmed plan." *Id.* (following the Sixth Circuit's decision in *Nolan* and the decision in *Cruz*, 253 B.R. 638 (Bankr.D.N.J.2000)). He concluded that if a debtor intends to treat a mortgage holder's claim as unsecured, the original proposed plan must put the creditor on fair notice of that treatment as well as the intent of the debtor to file an adversary proceeding consistent with the plan provision. *Id.* If, to the contrary, the debtor's plan provides unambiguous language demonstrating an intent to pay the mortgage holder as a secured claim and cure the prepetition arrearage during the life of the plan, the debtor will become bound by that treatment upon confirmation under § 1327(a) and the creditor will be entitled to rely on that plan provision. *Id.*

Similar to *Schmid*, the Debtors' original confirmed plan proposed to treat M&I as a secured second mortgage lien holder enti-

tled to monthly mortgage payments and full payment of its $500 arrearage. The original plan did include vague boilerplate language that any attempt by the Debtors to "cram down" a wholly unsecured junior mortgage through the filing of an adversary complaint should be done within 30 days of confirmation and be paired with an objection to the creditor's proof of claim; however, there is no indication in the plan that the Debtors intended to take this action against M&I. Furthermore, following confirmation, the Debtors did not file an adversary proceeding to strip off M&I's mortgage within the 30 day time period nor did the Debtors file an objection to M&I's secured proof of claim.

Consequently, following confirmation and the passing of the 30 day time period without event, the Debtors became bound to treat M&I as a secured creditor and M&I was entitled to rely on its treatment provided for in the plan. Pursuant to 11 U.S.C. § 1327(a) and § 1329 and in accordance with the Sixth Circuit's *Nolan* decision, the Debtors cannot now use a post-confirmation modification and adversary proceeding to attempt to strip off M&I's mortgage lien and reclassify the claim as unsecured.

### CONCLUSION

For the reasons provided herein, the court **VACATES** its Confirmation Order (doc. 58) that confirmed the modified plan and **DENIES** the Debtors' Motion to Modify (doc. 50) leaving the original confirmation order, entered on December 27, 2006, standing. Because the court's decision also serves as a prohibition against the relief requested by the Debtors in their adversary complaint filed to strip off M&I's mortgage lien, the court **GRANTS** M&I's Motion to Dismiss the Debtors' Adversary Complaint (adv.doc.4) in *Miller v. M&I Marshall & Ilsley Bank (In re Miller)*, Adv. No. 09–3390.[4] Any other relief requested in the parties' documents of record cited in this decision is **DENIED.**

**SO ORDERED.**

---

4. The court notes, that in making its determination to dismiss the adversary complaint, it takes the facts stated in the Debtors' adversary complaint (adv.doc.1) as true: The Debtors own their residential property at 108 Mary in Gettysburg, Ohio and, in conjunction with this bankruptcy case, the property was appraised (adv.doc.1, ¶¶ 3, 6). The appraised value of the residential real estate was $57,000 (*Id.,* ¶ 6). The balance owed to the first mortgage holder, USDA, totals $68,080.00 and the balance owed to the second mortgage holder, M&I, is $26,428.43 (*Id.,* ¶ 4). While these facts may state a claim for stripping off M&I's second mortgage under *Lane v. Western Interstate Bancorp (In re Lane)*, 280 F.3d 663 (6th Cir.2002) when done in conjunction with the original confirmation process, these facts do not support the strip off M&I's mortgage when done post-confirmation via a modification of the confirmed plan pursuant to 11 U.S.C. § 1329. *See Schmid,* Adv. No. 07–3169, adv. doc. 20, p. 7 (following the Sixth Circuit's decision in *Nolan* and the decision in *Cruz,* 253 B.R. 638 (Bankr.D.N.J.2000)).