**In re Fred BERROUET, Debtor.**

**Fred Berrouet, Movant,**

v.

**BAC Home Loan Servicing, Respondent.**

**No. 11–58010–MGD.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

March 26, 2012.

Dorna Jenkins Taylor, Taylor And Associates, LLC, Atlanta, GA, for Debtor.

***ORDER DENYING DEBTOR'S MOTION TO DETERMINE SECURED STATUS OF BAC HOME LOAN SERVICING AND TO STRIP LIEN EFFECTIVE UPON DISCHARGE***

MARY GRACE DIEHL, Bankruptcy Judge.

Given the widespread declining value of homes, this case presents what may be an increasingly common question of whether a debtor may strip a wholly unsecured second mortgage post-confirmation where the confirmed plan treats the second mortgage claim as secured and cures the arrears over the life of the plan.

## I. FACTS AND PROCEDURAL POSTURE

Debtor filed this Chapter 13 case on March 15, 2011. Debtor's statement of financial affairs and schedules were filed May 3, 2011. Debtor's Chapter 13 plan was confirmed June 7, 2011. The plan dealt with two pieces of real property and Debtor's unsecured debt. The confirmed plan cured and reinstated the secured debt on Debtor's residence, surrendered a rental property in Stone Mountain, Georgia (encumbered by security deed assigned to Wells Fargo Bank, N.A.), and provided a one-percent payout to general unsecured creditors.

The Debtor's residence is encumbered by first and second priority security deeds, which are both held by BAC Home Loan Servicing. These secured claims are treated under the confirmed plan according to the standard plan language in this district. The claims are treated under section 6(B), titled "Secured Claims: Claims Secured by Real Property Which Debtor Intends to Retain." This section provides that the debtor will directly make regular mortgage payments to the creditor as they become due under the terms of the note. This section also provides for the Chapter 13 Trustee to pay the allowed arrearage claim as the plan indicates. The relevant plan language reads:

> Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due.... Trustee may pay each allowed arrearage claim as indicated below until paid in full.

(Docket No. 16). Debtor's confirmed plan listed BAC twice, treating the $6,037.00 arrearage claim on the first mortgage at $195.96 per month and treating the $850.00

estimated pre-petition arrearage on the second mortgage at $29.94 per month.

Secured proof of claims were timely filed with respect to these mortgage claims. The first priority secured claim was filed in the amount of $112,223.47 with $7,283.59 in arrears. (Claim No. 9). The second priority secured claim was filed in the amount of $29,172.65 with $1,122.26 in arrears.[1] (Claim No. 8). Neither proof of claim valued the collateral.

Debtor's schedules listed the value of this property as $140,000.00. The Motion states that some time after confirmation it came to Debtor's attention that the value of his residence was $103,600.00 based on the county's 2011 tax assessment. This value assessment lead to the filing of the Motion.

Almost six months after the case was confirmed, Debtor filed this Motion, seeking a determination that the value of Debtor's residence resulted in BAC's second mortgage being wholly unsecured. Therefore, the Motion sought to treat BAC's secured claim as unsecured and for the deed to secure debt to be void upon entry of discharge pursuant to §§ 506(a), 1322(b)(2), and the Eleventh Circuit's ruling in *In re Tanner*, 217 F.3d 1357 (11th Cir.2000). The Motion relied upon the $103,600.00 value of Debtor's residence to support his position that the second mortgage was wholly unsecured and eligible to be treated as unsecured and to strip the lien at discharge. The Motion states that BAC's first priority note had a balance of $110,752.00.

The motion came on for hearing on January 6, 2012, approximately 7 months after confirmation of the plan. BAC neither appeared at the hearing nor otherwise opposed the Motion until well past the response time. At the hearing, the Court requested that Debtor provide authority in support of its position that a debtor may change the classification of a secured creditor treated under a confirmed plan post-confirmation. The Chapter 13 Trustee and Debtor's counsel submitted briefs on the issue on February 6, 2012. (Docket Nos. 58 & 59).

On March 8, 2012, Bank of America, N.A. s/b/m BAC Homes Loans Servicing LP f/k/a Countrywide Home Loans Servicing, LP, filed a response in opposition to Debtor's Motion. (Docket No. 61). Bank of America asserts itself as the servicer to the real party in interest and files the Response on behalf of The Bank of New York Mellon fka The Bank of New York as Trustee for the benefit of the certificate holders of CWHEQ, Inc. Home Equity Loan Asset–Backed Certificates, Series 2006–S9., which corresponds to the entity listed on the proof of claim. The proof claim also notes that BAC Home Loans Servicing, LP is the name to which notice and payment should be sent.

Bank of America asserts that it was never properly served because the specific attorney that filed a notice of appearance was not served with Debtor's Motion. Substantively, Bank of America argues that Debtor presents no basis to reconsider the claim as filed and that the confirmed plan acts as *res judicata* as to the treatment of its claim. Based on the Court's ruling and upon consideration of the Response prior to entering its ruling, it

---

1. The proof of claim secured by the second priority deed to secure debt was filed by The Bank of New York Mellon fka The Bank of New York as Trustee for the benefit of the certificate holders of CWHEQ, Inc. Home Equity Loan Asset–Backed Certificates, Series 2006–S9. BAC Home Loans Servicing, LP is the name to which notice and payment should be sent.

is not necessary to determine whether service was proper.[2]

This is a core proceeding under 28 U.S.C. § 157(b)(2). Jurisdiction and venue are proper. 28 U.S.C. §§ 157(a), (b)(1), 1334(b) and 1408–1409.

## II. DISCUSSION

Debtor seeks to treat BAC's claim as unsecured and to void BAC's second priority lien upon Debtor's receipt of discharge in his Chapter 13 case. Debtor's legal theory—commonly referred to as "lien stripping"—relies upon § 506(a) of the Bankruptcy Code, which determines the secured and unsecured portions of an allowed claim based on the value of the underlying collateral. 11 U.S.C. § 506(a). A debtor's home mortgage gets special protection in a Chapter 13 case under § 1322(b)(2)—commonly referred to an the anti-modification provision. Section 1322(b)(2) allows modification of the "rights of holders of secured claims, other than a claim secured interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). The Supreme Court has held that § 1322(b)(2) protects what would be considered an unsecured portion of a partially secured claim (that is secured by the debtor's primary residence) under § 506. *Nobelman v. Am. Savings Bank,* 508 U.S. 324, 113 S.Ct. 2106, 2111, 124 L.Ed.2d 228 (1993). In the Eleventh Circuit and in the majority of other circuits, § 1322(b)(2) does not limit a debtor's ability to use § 506 to value collateral and determine the secured portion of a claim secured by a security deed on debtor's principal residence, when the lien is wholly unsecured. *Tanner v. FirstPlus Fin., Inc. (In re Tanner),* 217 F.3d 1357, 1360 (11th Cir.2000).

Debtor's Motion seeks to treat BAC's claim as wholly unsecured based on the asserted $103,600.00 value included in the Motion and to use this lien stripping theory to strip off BAC's purported wholly unsecured second priority lien. Debtor's general ability to obtain this relief is not the issue before the Court, however. Instead, the narrow issue is whether Debtor, by this Motion, may avail himself of the requested lien strip post-confirmation where Debtor's confirmed plan treats BAC's claim as secured and cures and reinstates the second priority mortgage.

▮▮▮ Confirmation of a Chapter 13 plan binds the parties treated by the plan. 11 U.S.C. § 1327. Section 1327, entitled, "Effect of Confirmation," provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." *Id.* Confirmation of a Chapter 13 plan is essentially an adjudication of litigation over the issues of the classification and treatment of claims provided for in a proposed chapter 13 plan, and is res judicata on those issues. *Ford Motor Credit Co. v. Bankr.Estate of Parmenter (In re Parmenter),* 527 F.3d 606, 609 (6th Cir.2008); *In re Stevens,* 130 F.3d 1027, 1029 (11th Cir.1997). A confirmation order is a final judgment. *U.S. Aid Funds, Inc. v. Espinosa,* —— U.S. ——,

---

**2.** The Court will note, however, that a named individual at the firm's address that filed the notice of appearance was listed on the certificate of service accompanying the Motion and that the address where notices were directed to be sent on the proof of claim was also listed on the certificate of service, along with a named general partner for BAC Home Loan Servicing, LP. Additionally, the notice of appearance was made on behalf of BAC Home Loan Servicing, LP, not Bank of America, and neither a revised notice of appearance nor an amended proof of claim has been filed in this case.

130 S.Ct. 1367, 1376, 176 L.Ed.2d 158 (2010).

The binding effect of a plan pursuant to § 1327 supports the important concept of finality. *See id.* As one court has explained, "once a plan is confirmed, it is *res judicata* to all issues that were or could have been brought prior to confirmation." *In re Cruz,* 253 B.R. 638, 641 (Bankr.D.N.J.2000). Similarly, another court denied a debtor's post-confirmation modification and a motion to determine secured status of a second priority mortgage claim by stating that "[s]ection 1327 binds the debtor and the secured creditor to the treatment provided in the confirmed plan." *In re Rutt,* 457 B.R. 97, 101 (Bankr.D.Colo.2010).

Here, the only request before the Court is Debtor's Motion. The requested relief is not proposed as a post-confirmation plan modification or a motion to set aside or reconsider the confirmation order. Although there are many potential open issues as to whether a debtor may strip a wholly unsecured mortgage lien post-confirmation, Debtor's request can not be granted in this context based on the *res judicata* effect of the plan.

Debtor's brief relies on Rule 3008 and § 502(j) as the basis to allow the Court to reclassify BAC's second priority lien. However, Debtor fails to establish why reconsideration of BAC's claim is appropriate or how to handle the confirmed plan providing contradictory treatment. Further, the caselaw in support of Debtor's position is inapplicable to the facts of this case. Because Debtor could have raised the value of his home and proposed treatment to strip the second priority lien at confirmation, the confirmation order is *res judicata* as to the value of Debtor's home and the treatment of BAC's second priority lien claim. *In re Cruz,* 253 B.R. at 641. Accordingly, it is

**ORDERED** that Debtor's Motion to Determine Secured Status of BAC Home Loan Servicing and to Strip Lien Effective Upon Discharge is hereby **DENIED.**

The Clerk is directed to mail a copy of this Order to debtor, Debtor's counsel, the Chapter 13 Trustee, and the parties on the attached distribution list.