**In re Betty G. YOUNG, Debtor.**

**Betty G. Young, Plaintiff**

**v.**

**Chase Home Finance, LLC, Defendant.**

**Bankruptcy No. 10–32274.**
**Adversary No. 14–3100.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division, at Dayton.

Signed Jan. 13, 2015.

Filed Jan. 14, 2015.

---

Wayne P. Novick, Centerville, OH, for Debtor.

Amelia A. Bower, Kenneth C. Johnson, Bricker & Eckler, LLP, Columbus, OH, for Defendant.

### Decision Granting Defendant's Motion to Dismiss Counts 1 and 3 of the Amended Complaint

GUY R. HUMPHREY, Bankruptcy Judge.

On April 14, 2010 the debtor, Betty G. Young, filed a petition under Chapter 13 of the Bankruptcy Code (estate doc. 1). The proposed plan (estate doc. 2), which was confirmed (estate doc. 21), provided that the claim of "Chase"[1] would be paid Class 7 by Young's son. (estate doc. 2, ¶ 19.c). Class 7 provides for "[s]cheduled claims which are to be paid by a non-debtor and are not to be paid by the Trustee or the Debtor." (estate doc. 2, p. 6). Chase was listed in the plan as a lien holder on a parcel of property located at 9050 Haines Road, Waynesville, Ohio (the "Property"). Young did not indicate she intended to pursue any other course of action as to Chase's claim. Chase has not filed a proof of claim.

On July 31, 2014 Young filed a complaint against Chase Home Finance LLC, which was amended on October 8, 2014. docs. 1 and 15. The amendment added the Chapter 13 Trustee as a plaintiff. The plaintiffs allege as follows: Young was a one-half owner of the Property on the petition date. Chase was granted a mortgage on the Property in July 2007 for $168,000. At that time, Young was the sole owner of the Property. Although the Property is in Warren County, Ohio, Chase recorded the mortgage in Butler County. Not until post-petition, specifically March 24, 2014,

---

1. The correct and complete name of the defendant appears to be JP Morgan Chase Bank, N.A. as successor to Chase Home Finance LLC. The parties have not raised any issue as to the proper defendant.

did Chase record the mortgage in Warren County.

Based on these factual allegations, Young is pursuing three separate counts against Chase. Those counts seek 1) a declaration that the Mortgage is "invalid" under Ohio law because it was recorded in the wrong county; 2) damages for violation of the automatic stay on account of Chase's re-recording of the mortgage post-petition and 3) damages for the "unlawful taking" of property of the estate through the collection of mortgage payments.

Chase has moved to dismiss all three counts of the complaint.[2]

### Jurisdiction

This court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and this case has been referred to this court through 28 U.S.C. 157(a) and General Order 05–02 of the United States District Court for the Southern District of Ohio. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (K) and (O).

### Standard for Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6), incorporated by Federal Rule of Bankruptcy Procedure 7012(b), states that a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" In considering a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove any set of facts in support of her claim that would entitle her to relief." *Wee Care Child Ctr., Inc. v. Lumpkin,* 680 F.3d 841, 846 (6th Cir.2012) (quoting *Turker v. Ohio Dep't of Rehab. and Corr.,* 157 F.3d 453, 456 (6th Cir. 1998)). While a plaintiff need not provide detailed factual allegations to survive a motion to dismiss pursuant to Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). *See also Kolley v. Adult Protective Servs.,* 725 F.3d 581, 585 (6th Cir.2013) (quoting *Eidson v. State of Tenn. Dep't of Children's Svcs.,* 510 F.3d 631, 634 (6th Cir.2007) ("conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.")). The complaint must allege sufficient facts to state a plausible claim. *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955.

### Analysis

Count 1 seeks declaratory relief that the mortgage in question is not valid. By failure to record it in the correct county, the plaintiffs assert it is not valid under Ohio Revised Code § 5301.23,[3] which ad-

---

2. Chase has filed two motions to dismiss, each through separate counsel. One motion addresses count two and the other motion addresses counts one and three. docs. 17 and 22. The motion concerning count two is being converted to a motion for summary judgment through a separate order.

3. (A) All properly executed mortgages shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record. If two or more mortgages pertaining to the same premises are presented for record on the same day, they shall take effect in the order of their presentation. The first mortgage presented shall be the first recorded, and the first mortgage recorded shall have preference.

(B) A mortgage that is presented for record shall contain the then current mailing address of the mortgagee. The omission of this address or the inclusion of an incorrect address shall not affect the validity of the instrument or render it ineffective for purposes of constructive notice.

dresses the effective date of recorded mortgages. However, the law in Ohio is that a defect in executing and recording a mortgage, absent fraud or duress, does not affect the validity of the mortgage between the mortgagor and mortgagee. Even unrecorded, absent fraud or duress, the conveyance is valid between the debtor and the mortgagee.[4] *Citizens Nat'l Bank of Zanesville v. Denison,* 165 Ohio St. 89, 133 N.E.2d 329, 332 (1956).

The plaintiffs' position may be motivated by the fact that the two-year statute of limitation to avoid this mortgage under the Trustee's Chapter 5 powers has passed. *See* 11 U.S.C. § 546(a)(1) ("An action or proceeding under section 544, 545, 547, 548, or 553 of this title" must be brought by the later of either two years from the petition for relief or one year from the appointment of the first trustee within that two year period). While the lack of proper recordation might have allowed this mortgage to be avoided by the Trustee earlier, the statute of limitation for such an action would be a defense to such an action.

The plaintiffs argue this court's decisions in *Bank of New York v. Sheeley* support their position. *See Bank of N.Y. v. Sheeley,* 2012 WL 8969064 (Bankr. S.D.Ohio Apr. 2, 2012); *Bank of N.Y. v. Sheeley,* 2013 Bankr.LEXIS 929 (Bankr. S.D.Ohio March 4, 2013). The plaintiffs

misconstrue the *Sheeley* decisions. In *Sheeley,* the debtor owned two parcels of property. One parcel was vacant land, with the residence being on a separate parcel. The mortgage in question was mistakenly granted on the vacant parcel, rather than the residence, because the mortgagee attached to the mortgage only the property description for the vacant parcel. The issue was not avoidance, but a fundamental question as to which parcel the mortgage encumbered. To obtain an answer to this question, the mortgagee filed a declaratory judgment action. In the end, the mortgage document could not be reformed to correct the property description because the Chapter 13 trustee could use his avoidance powers defensively to prevent such reformation. Due to the intervening bankruptcy, the rights of the trustee as a bona fide purchaser for value without notice existed while the property remained property of the estate. The court found § 546 did not apply to the defensive use of the avoidance powers to protect property of the estate. *See also Grant, Konvalinka & Harrison, P.C. v. Still (In re McKenzie),* 737 F.3d 1034, 1041–42 (6th Cir.2013) (Trustee may use avoidance powers defensively to defeat a creditor's motion for relief without regard to the two-year statute of limitations under 11 U.S.C. § 546(a)(1)(A)). *Sheeley* did not state or suggest that an unrecorded mort-

Ohio Revised Code § 5301.23.

4. The cases cited by the plaintiffs do not support their position. As explained in *Stubbins v. Wells Fargo Bank, N.A. (In re Gibson),* 395 B.R. 49, 56–57 (Bankr.S.D.Ohio 2008), an unrecorded mortgage does not vest the mortgagee with an interest against lien creditors and subsequent bona fide purchasers. Gibson cites an early Ohio decision that the plaintiffs also cite, *Holliday v. Franklin Bank of Columbus,* 16 Ohio 533 (1847), but it also addresses the superior rights of other secured creditors against an unrecorded mortgage.

*See also Langmede v. Weaver,* 65 Ohio St. 17, 60 N.E. 992 (1901) (similar). Under Ohio law, unrecorded mortgages generally are valid between the parties, but are of no effect against third party secured creditors or bona fide purchasers. *Fosdick v. Barr,* 3 Ohio St. 471 (1854); *White v. Denman,* 1 Ohio St. 110 (1853). Similarly, see *Noland v. Wells Fargo Bank N.A. (In re Williams),* 395 B.R. 33, 42–43 (Bankr.S.D.Ohio 2009) (The Ohio recording statutes applicable to assignments of mortgages govern the priorities between lenders, not the validity of the liens.).

gage had no effect between the mortgagor and mortgagee, but merely determined what parcel the mortgage encumbered and that, due to the intervening bankruptcy, the mortgage could not be reformed. *Sheeley* also did not suggest avoidance actions were not subject to the normal operation of the § 546 statute of limitation.

In this adversary proceeding, the mortgage does not require any reformation to be a valid voluntary lien granted by Young on the Property. Since the mortgage, even as unrecorded in the proper county on the petition date, provides a valid lien between the parties to the mortgage, count 1 is dismissed for failure to state a claim.

 Count 3 argues that Chase violated the automatic stay by collecting mortgage loan payments from the Debtor's son.[5] The Mortgage payments were made by the Debtor's son, with Chase's claim being classified in Young's Chapter 13 plan as a Class 7 secured claim to be paid by a third party. *See* 11 U.S.C. § 1327(a) (confirmed plan binds the debtor and creditors to plan treatment); *See also United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 269, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010) (an order confirming a Chapter 13 plan is a final judgment). This court has explained time and again that debtors and creditors cannot modify plan treatment in a confirmed Chapter 13 plan unless the plan failed to comport with constitutional due process. *See e.g. In re Miller,* 428 B.R. 791 (Bankr.S.D.Ohio 2010) (debtor could not strip junior mortgage almost three years after confirmed plan treated the mortgagee as secured); *Bennett v. Springleaf Fin. Svcs. (In re Bennett),* 466

B.R. 422 (Bankr.S.D.Ohio 2012) (valuation fixed at confirmation based on fair notice to the secured creditor in the Chapter 13 plan); *Sheeley,* 2012 WL 8969064, at *17. Plaintiffs argue that binding the debtor and creditor in these circumstances would render the claim process moot.[6] But the court has explained in a prior decision that claim treatment is generally controlled by the confirmation process and not the claims allowance process. *In re McLemore,* 426 B.R. 728, 739–42 (Bankr. S.D.Ohio 2010). *See also In re Moehring,* 485 B.R. 571, 583 (Bankr.S.D.Ohio 2013) (The Chapter 13 trustee is required to disburse payments to secured creditors in accordance with the confirmed plan.). In any event, this argument is premised on the incorrect argument that the mortgage is void between the parties.

Also, Young's son's income is not property of the estate—only the debtor's post-petition earnings would be property of the estate. *See* 11 U.S.C. § 1306(a)(2) (post-petition earnings "from services *performed by the debtor*" are property of the Chapter 13 estate) (emphasis added). But even assuming for argument only the payments by Young's son were property of the estate, the allegations, taken as true, do not show Chase "unlawfully" took post-petition earnings. Instead, those funds were paid consistent with the confirmed plan and Chase was entitled to apply those funds to its secured claim.

For these reasons, count 3 is dismissed.

### Conclusion

For all these reasons, Chase's motion seeking dismissal of Counts 1 and 3 of the

---

**5.** The damages presumably are sought pursuant to 11 U.S.C. § 362(k) but that statute is not plead in the complaint.

**6.** Without any suggestion of fraud, the plaintiffs appear to argue that Chase should have

filed an unsecured claim despite the fact that the Chapter 13 plan treated Chase as a secured Class 7 claim and the debtor's son paid it consistent with this treatment since 2010. For the reasons stated, the court disagrees.

complaint is granted. The court will enter an order consistent with this decision.